[Crim. Nos. 10127, 10128. Second Dist., Div. Three. Jan. 7, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. RAYVE ECTOR, SR., Defendant and Appellant.

(Two cases.)

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Peter D. Bogart for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George Roth, Deputy Attorney General, for Plaintiff and Respondent.

RICHARDS, J. pro tem.*—In number 10127 defendant appeals from a judgment of conviction of a violation of sec-

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

tion 476a of the Penal Code (issuing checks without sufficient funds). He also appeals from "the denial of certain motions after judgment" none of which are specified in the notice of appeal. It appears from the record that after judgment the following motions were made and denied: (1) for new trial, (2) for leave to move for a change of plea, (3) for an order in arrest of judgment, and (4) for setting bail on appeal. A motion for new trial must be made before judgment. (Pen. Code, § 1182; *People* v. *Fry*, 137 Cal.App. 525, 527 [31 P.2d 204].) Penal Code, section 1018 provides that an application for change of plea shall be made before judgment. See *People* v. *Wade*, 53 Cal.2d 322, 339 [1 Cal.Rptr. 683, 348 P.2d 116]. Such an application made before judgment and denied will be reviewed on the appeal from the judgment. No contentions are made as to the other two denied motions and they will be considered as abandoned.

In number 10127 defendant was charged with issuing four checks totalling $205.50 without sufficient funds in violation of section 476a of the Penal Code. He was arraigned on December 19, 1963, his attorney not being present, and the plea was continued to January 2, 1964, at which time, after defendant requested that the matter proceed without his attorney being present, he pleaded "Not Guilty." Trial was set for February 4, 1964, and continued until March 2, 1964, because of illness of defense counsel. On March 2, 1964, defendant appeared in court without counsel, withdrew his plea of not guilty and entered a plea of guilty. A probation officer's report was ordered and further proceedings continued to April 16, 1964. Further continuances were granted to the 9th and 17th of April 1964, at which later date defendant appeared with his counsel who at that time moved to set aside the plea of guilty and to enter a plea of not guilty, which motion was denied. Probation was denied and defendant sentenced to state prison.

Defendant contends that the court erred in permitting defendant to withdraw his plea of not guilty and plead guilty in the absence of counsel of record. We are constrained to agree. On the date set for trial, defendant's then attorney of record was not present when the case was called and defendant indicated a desire to withdraw his plea of not guilty. The court, however, decided to pass the matter to await counsel's arrival. After a recess the matter was again called but defendant's counsel had not arrived. Without any substitution of attorneys or request by defendant to proceed in

propria persona and in the absence of defendant's attorney of record, the court accepted from defendant a plea of guilty. The record does not disclose that defendant's counsel ever consented to a change of attorney or to the change of plea nor does the record show that an order for change of attorney was entered by the court. Defendant's then counsel remained attorney of record and the trial court erred in allowing defendant to proceed in person. (*In re Martinez,* 52 Cal.2d 808, 813 [345 P.2d 449].)

█ The trial court also erred in accepting a plea of guilty from defendant without fully complying with section 1018 of the Penal Code. The colloquy between the court and defendant which took place at that time is set forth in the footnote below.[1]

Penal Code, section 1018, provides in part: "No plea of guilty of a felony for which the maximum punishment is death, or life imprisonment without the possibility of parole, shall be received from a defendant who does not appear with counsel, nor shall any plea of guilty of any other felony be accepted from any defendant who does not appear with counsel unless the court shall first fully inform him of his right to counsel and unless the court shall find that the defendant understands his right to counsel and freely waives

---

[1]"THE COURT: People versus Rayve Ector, Sr. Mr. Ector, your attorney, Mr. Faber, hasn't arrived here yet, and I think you had indicated to me that you wanted to change your plea in this case, is that correct? THE DEFENDANT: Yes, sir. THE COURT: It is your wish that you proceed here with this without Mr. Faber being present? THE DEFENDANT: Yes, sir. THE COURT: May I ask you this: Did he indicate to you that it was his intention to recommend to you that you change your plea? THE DEFENDANT: Well, we talked about it last night. THE COURT: And he indicated this is what he was going to do if he were here? THE DEFENDANT: He told me the only thing he knew to do was to plead guilty to Count 1. THE COURT: All right, in view of that situation I am going to permit you to proceed without your attorney. You may go ahead. MR. HOWARD: Mr. Ector, there is only one count. Do you understand that you are charged in this one count with issuing four checks in varying amounts, and is it your desire to enter a plea of guilty to this one count? THE DEFENDANT: Yes, it is. MR. HOWARD: You say you have discussed this matter with your attorney, is that right? THE DEFENDANT: Yes, sir. MR. HOWARD: And you discussed the matter that you thought maybe you might plead guilty today, is that right? THE DEFENDANT: Yes, sir. Well, I made up my mind. THE COURT: That is your wish, in any event? THE DEFENDANT: Yes. MR. HOWARD: All right, now, to the charge, which is issuing checks without sufficient funds, a violation of Section 476(a) of the Penal Code, a felony, as set forth in this Information, how do you now plead, guilty or not guilty? THE DEFENDANT: Guilty. MR. HOWARD: You are entering this plea because you feel you are in fact guilty of this, issuing these checks without sufficient funds, is that true? THE DEFENDANT: Yes."

it and then, only if the defendant has expressly stated in open court, to the court, that he does not wish to be represented by counsel." While the colloquy footnoted shows substantial compliance with the requirement of that section that the defendant state to the court "that he does not wish to be represented by counsel" there was no adequate compliance, however, with the requirement that the court "first fully inform him of his right to counsel. . . ." ▇ As the Supreme Court said in *In re Martinez, supra,* 52 Cal.2d 808, 814: "The statute . . . was designed to ensure that a defendant appearing without counsel is aware of his right to counsel *at the time he pleads guilty.*" (Italics added.) It is not met by having been so advised when he was arraigned on December 19, 1963, almost 11 weeks before that time. ▇ Furthermore, the required finding that "defendant understand his right to counsel and freely waives it" was not expressly made by the trial judge and under the circumstances cannot be implied from any statement by the court in the quoted colloquy. The court made no inquiry to discover whether defendant had the experience and capacity to understand his rights or to determine whether in pleading guilty "to this one count," he clearly understood he was pleading guilty to a felony and not a misdemeanor, the information having charged in one count the issuance of four checks, each less than $100, but in the aggregate in excess of $100.

▇ Closely related to the problem of preventing an improvident plea of guilty is that of allowing its withdrawal. That right and the conditions of its exercise are stated in said section 1018 of the Penal Code as follows: "On application of the defendant at any time before judgment the court may, and in case of a defendant who appeared without counsel at the time of the plea to court must, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." Such a motion was here made before judgment and denied. When enacted in 1872, that portion of said section 1018 dealing with withdrawal of a plea of guilty read: "The Court may at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted." There was no distinction between a plea of guilty entered with or without counsel, and it was held that even a plea of guilty by a defendant without counsel could only be withdrawn for good cause shown. (*People* v. *Wells,* 77 Cal.App.2d 520 [175 P.2d 595].) In 1949, that portion of section 1018 was amended to read as above quoted.

From the juxtaposition of the permissive clause relating to pleas of guilty entered with representation by counsel and the mandatory clause relating to such plea entered without counsel, we conclude that the prepositional phrase "for good cause shown" does not apply to a plea of guilty entered by a defendant without counsel. To apply the phrase "for good cause shown" to application for withdrawals of pleas entered with counsel as well as without counsel would violate the principle of statutory construction that: "When different language is used in the same connection in different parts of a statute it is presumed the legislature intended a different meaning and effect." (*McCarthy* v. *Board of Fire Comrs.*, 37 Cal.App. 495, 497 [174 P. 402].) As we read the statute, a showing of good cause is not required on an application at any time before judgment to withdraw a plea of guilty by a defendant who appeared without counsel at the time of the plea and under those circumstances the court must permit the plea of guilty to be withdrawn and a plea of not guilty substituted. See, Witkin, California Criminal Procedure, page 239, section 260; page 241, section 261. Only this interpretation is consistent with the closing provision of the section that it "shall be liberally construed to effect these objects and to promote justice." (Pen. Code, § 1018.) In *People* v. *Ballentine* (1952) 39 Cal.2d 193 [246 P.2d 35], defendant, without representation of counsel, pleaded guilty to murder and robbery. The Supreme Court reversed the conviction for murder on the ground that the court had no power to accept the murder plea when a defendant is not represented by counsel. It also directed the trial court to permit the defendant to withdraw his plea of guilty to the charge of robbery if he be so advised.

 In number 10128, defendant appeals from a judgment of conviction and "from the order revoking probation" in a former conviction of violation of Penal Code 476a. The order revoking probation is not appealable as proceedings were suspended upon arraignment for judgment and the defendant placed on probation. (*People* v. *Robinson*, 43 Cal.2d 143, 145 [271 P.2d 872].) The revocation of probation may be reviewed on the appeal from the judgment of conviction. The appeal in number 10128 must be dismissed for lack of a timely notice of appeal. On Friday, April 17, 1964, the court revoked probation and pronounced judgment and sentenced defendant to prison. The notice of appeal was filed with the clerk of the superior court on Wednesday, April 29, 1964,

more than 10 days after the rendition of the judgment. In criminal cases an appeal must be taken within 10 days of rendition of the judgment or order appealed from. (Cal. Rules of Court, rule 31.) ▇▇ In both civil and criminal cases the time requirements for taking an appeal are mandatory, and appellate courts are without jurisdiction to consider a late appeal. (*In re Del Campo,* 55 Cal.2d 816, 817 [13 Cal. Rptr. 192, 361 P.2d 912] ; *People* v. *Howerton,* 40 Cal.2d 217, 219 [253 P.2d 8].)

We have concluded that even were we to consider this appeal on the merits, there is no ground for reversing the order revoking probation or the judgment. The record of the proceedings involved in case number 10128 leading up to the revocation of probation and sentence to state prison show that defendant was charged with four counts of a violation of Penal Code section 476a. He pleaded not guilty, the matter was set for trial on September 18, 1963, on which date, with his counsel present, defendant withdrew his plea of not guilty to Count I and pleaded guilty thereto. A probation report was ordered and the matter continued to October 21, 1963, for further proceedings. On that date, proceedings were suspended, the defendant was placed on probation for three years under various conditions imposed but not including any jail sentence and the three other counts were dismissed. On April 9, 1964, defendant with his counsel were present before the court on the matter of a violation of probation which was then continued to April 17, 1964, at which time defendant and his counsel appeared for a hearing on probation in case number 10127 and for a violation of probation in case number 10128.

The transcript of the proceedings on April 17, 1964, discloses the following colloquy between the court and counsel for defendant: ''Now, we are here on two matters, Case No. 282283 [No. 10127] for probation and sentence, and Case No. 276368 [No. 10128] a violation of probation matter. Do you waive arraignment for judgment in Case No. 282283? Mr. FABER: Yes, your Honor. THE COURT: Is there any legal cause why the Court should not now impose sentence at this time? Mr. FABER: Not at this time, Your Honor.''

Thereafter counsel for defendant suggested that case number 10127 warranted a disposition which would enable defendant to seek psychiatric care. After some comments about a previous offense, probation was denied and defendant sentenced to state prison. The defendant, himself, was permitted

to make a lengthy statement to the court. Thereafter the transcript discloses the following: "THE COURT: Do you want me to read your record to you? THE DEFENDANT: About what, sir? THE COURT: Your record in cashing checks, and who suffered as a result of it. Do you want me to read that to you? Case No. 276368, [No. 10128] a violation, that will be a revocation of probation, and a concurrent sentence."

Defendant's contentions as to the lack of notice of hearing and right to a hearing as to the violation proceeding are answered by the established rule stated in *In re Levi*, 39 Cal.2d 41 at 44 [244 P.2d 403]: "There is neither a constitutional nor a statutory right to a hearing preceding revocation of probation. (*In re Davis*, 37 Cal.2d 872, 873-874 [236 P.2d 579].) If a hearing is held, it is not governed by the rules concerning formal criminal trials. The court may revoke probation solely on the basis of the probation officer's report. (*In re Dearo*, 96 Cal.App.2d 141, 143 [214 P.2d 585].) There is no right to present witnesses. (*People* v. *Hayden*, 99 Cal. App.2d 97, 99 [221 P.2d 221].)"

Any suggestion in defendant's brief that the court erred in revoking his probation and pronouncing judgment in the absence of counsel is completely refuted by the record which conclusively establishes that defendant's counsel was present at the time of such hearing.

Defendant's closing brief appears to contend that the court erred in not arraigning him in connection with the revocation of probation. So far as arraigning defendant before judgment as required by Penal Code, section 1200, the court first pointed out that both matters were before it and then asked if there was any legal cause why sentence should not be imposed. Not only did defendant's counsel state there was no legal cause but the court permitted the defendant personally to make a statement which fully constitutes compliance with the law as to allocution. No contention was made by defendant's counsel at the time probation was revoked and judgment pronounced of any error as to defendant's arraignment.

Although no contention is made that there was an abuse of discretion in the revocation of probation, this court has read the report of the probation officer.[2]

---

[2] On its own motion this court has had transmitted to it the files of the superior court (see Cal. Rules of Court, rule 12(a)) so that all of the record which was before the trial judge at the time of the determination of the matter of revocation of probation may be considered on this appeal.

One of the conditions of probation was that defendant have no blank checks in his possession, nor write any portion of any checks and not have a bank account upon which to draw checks. The report shows that defendant not only continued to maintain a bank account but that he wrote many checks thereon in addition to the four charged in case number 10127 and that a number of such other checks were written without sufficient funds for payment. In addition a condition of probation was that defendant make restitution but the report showed that in a five-month period he has paid not over $30 on a total restitution of $292.50. There is nothing in the record to indicate that the trial judge revoked probation solely on the conviction in case number 10127. Revocation of probation "rests within the sound discretion of the trial court and there is no abuse of discretion where it appears from the evidence that the accused has violated the conditions of probation." (*People* v. *Slater,* 152 Cal.App.2d 814, 816 [313 P.2d 111].)

In case number 10127 the judgment is reversed and the purported appeals from the "denial of certain motions after judgment" are dismissed.

In case number 10128 the appeal is dismissed.

Shinn, P. J., and Ford, J.