[Crim. No. 4792.   First Dist., Div. Three.   Jan. 6, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT EUGENE SHAVER, Defendant and Appellant.

Daniel H. Dibert for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward P. O'Brien, Jennifer L. Bain and Albert W. Harris, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

DEVINE, J.—Appellant pleaded guilty to violations of Health and Safety Code sections 11501 and 11530. He was committed to the medical facility at Vacaville, for treatment as a drug addict, but was returned to court as not a proper subject for treatment. He moved for permission to change his plea to not guilty. This was denied and appellant was committed to the state prison. He appeals.

## Facts and Decision On
## In Propria Persona Appearance

Appellant's principal point is that it was mandatory for the trial court to permit the change of plea, because it was made when he was not represented by counsel, under the provisions of section 1018 of the Penal Code. That section reads: "Unless otherwise provided by law every plea must be put in by the defendant himself in open court. No plea of guilty of a felony for which the maximum punishment is death, or life imprisonment without the possibility of parole, shall be received from a defendant who does not appear with counsel, nor shall any plea of guilty of any other felony be accepted from any defendant who does not appear with counsel unless the court shall first fully inform him of his right to counsel and unless the court shall find that the defendant understands his right to counsel and freely waives it and then, only if the defendant has expressly stated in open court, to the court, that he does not wish to be represented by counsel. *On application of the defendant at any time before judgment the court may, and in case of a defendant who appeared without counsel at the time of the plea the court must, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. . . .*" (Italics added.) It is true that at the moment of making the plea of guilty appellant was not represented by counsel, but this was because of his insistence, despite forceful admonition of the court, that he represent himself and that he plead guilty.

It is useful to relate the sequence of events in order to show the judge's meticulous attention to the rights of appellant at all times. Originally, appellant pleaded not guilty. He informed the court that there was a conflict of interest between him and his codefendant, and asked that each have his own counsel. The judge acceded and appointed an attorney for appellant alone after getting assurance that appellant was satisfied with the attorney selected. Following this, appellant wrote to the judge asking to be brought before the court, and this was done. Appellant told the judge that he wished to change his plea; that his counsel told him he had no defense; that although counsel wished him to wait for a week in case some charges might be dropped by the district attorney, appellant did not wish to remain in jail for the week; and that he wished the court-appointed attorney to be

dismissed and desired to "go on my own." The judge told him of the desirability of having counsel and offered to appoint new counsel for appellant. The judge ascertained appellant's age (24) and his education (11th grade), and that he had been through the courts before. Finally, the court found that appellant intelligently waived counsel and accepted the plea of guilty. The minutes stated that appellant appeared in propria persona. Appellant asked to be committed to the California Rehabilitation Center and the judge granted the request.

But appellant contends that the words "for good cause" in the italicized part of section 1018 refer only to cases in which the defendant was represented by counsel at the time of plea, that there is no requirement of a showing of good cause where the defendant did not have counsel at the time of plea, and that it was mandatory on the court to permit the change of plea to not guilty. Appellant cites *People* v. *Ector*, 231 Cal.App.2d 619 [42 Cal.Rpr. 388], in which it was held that the trial court was obliged to allow the change of plea, even if a showing of good cause were not made. There are, however, essential differences between the *Shaver* case and the *Ector* case. In *Ector*, as noted in the court's opinion (pp. 622-623), the defendant had not asked to appear in propria persona; in *Shaver*, the defendant has positively asked to be allowed to do so. In *Ector*, counsel remained of record but the change of plea to guilty was made in counsel's absence; in *Shaver*, counsel had been dismissed on request of the defendant. In *Ector*, there was the possibility that appellant did not have the experience and capacity to understand whether he was pleading guilty to a felony and not a misdemeanor; in *Shaver*, defendant was on parole and had been before the courts, and there was no suggestion that he did not know what he was doing. In *Ector*, there had been no compliance with the requirement that the court fully inform defendant of his right to counsel; in *Shaver*, the court specifically and positively informed defendant of this right. In *Ector*, there was no statement to the judge that there was no defense to the charges; in *Shaver*, the defendant's counsel had informed his client and then informed the court in defendant's presence that there was no defense prior to the entry of the plea of guilty. In *Ector*, the plea was to a certain extent prompted by the questions of the court in the absence of counsel; in *Shaver*, the initiative toward making the plea was taken by defendant himself in his letter to the

court. In *Ector,* there was no finding that defendant understood his right to counsel and freely waived it; in *Shaver,* there was an express finding that the defendant intelligently waived counsel. Under all the circumstances the word "intelligently" would include "freely."

█ It is our conclusion that when an accused pleads guilty to a felony other than one for which the maximum punishment is death or life imprisonment without possibility of parole, without counsel, but when the court has first fully informed him of his right to counsel and has found that he understands this right and freely waives it, and the accused has expressly stated in open court that he does not wish to be repesented by counsel (requirements contained in the second sentence of section 1018), it is not mandatory upon the court to permit the plea of guilty to be withdrawn and a plea of not guilty substituted. In *People* v. *Mattson,* 51 Cal.2d 777 [336 P.2d 937], it was held that a court cannot force a competent defendant to be represented by an attorney except where statutes expressly require such representation, which the court stated to be Penal Code section 859a (defendant not represented by counsel cannot plead guilty before the magistrate), section 860 (only "a defendant represented by counsel" can waive his right to a preliminary examination before the magistrate), section 1018 (court cannot receive plea of guilty to crime for which maximum punishment is death or life imprisonment without possibility of parole unless defendant is represented by counsel). (The court in the *Ector* case relied in part on *People* v. *Ballentine,* 39 Cal.2d 193 [246 P.2d 35], but this was a murder case in which section 1018 expressly forbids a guilty plea made by a defendant not represented by counsel. There was also a plea of guilty to robbery, which the *Supreme Court* directed should be withdrawn if defendant was so advised, but this, it appears from a reading of the case, was not because the plea to the robbery count was in itself illegal, defendant having rejected the services of counsel, but because the murder to which Ballentine pleaded guilty was committed in the course of the robbery.)

Appellant has the *right* to represent himself in entering his plea (except in death penalty or life without parole cases), and if he also were deemed to have an absolute right to change his plea because he *did* represent himself, the result would be that a defendant could insist, against every admonition of the court, on representing himself and plead-

ing guilty with the perfect assurance that at any time before sentence he could change his plea. It is conceivable that the process could be continued indefinitely under this interpretation of the law. ■ There is a strong policy against permitting a defendant to gamble on the anticipated result of a plea of guilty and when disappointed in the outcome, to reestablish a right to trial. (*People* v. *Caruso*, 174 Cal.App.2d 624, 642 [345 P.2d 282].)

Actually, if appellant's contention were accepted, a person accused of felony other than one punishable by death or life imprisonment without possibility of parole, who insisted on representing himself, would be in a superior position as to change of plea to persons accused of such capital and major offenses, because his plea would be revocable at will but theirs, since they could not represent themselves under section 1018, could be withdrawn only for good cause.

■ It has been suggested by appellant's counsel, at oral argument on this appeal, that when a defendant insists on entering his plea without counsel, the judge should direct the entry of a plea of not guilty. Although there is provision for such procedure when the defendant refuses to answer the accusatory pleading (Pen. Code, § 1024), there is no provision for doing this when the defendant expresses his desire to plead guilty. An accused person may wish to plead guilty for a number of reasons which he deems to be advantageous to him or simply because he finds it satisfying to acknowledge his guilt.

■ When an accused has waived the right to counsel under the provisions of Penal Code section 1018, he must be deemed to represent himself, and to have entered his plea as effectively as if he had the representation of counsel. The requirement of ''good cause'' then applies. We proceed to consider whether good cause for withdrawal of the plea was shown.

### Facts and Decision On
### Showing of Good Cause

Appellant's stated ground for change of plea was that the plea of guilty had been based on the assumption that he would be eligible for treatment at Vacaville. He testified that he had pleaded guilty because he had desired to avoid sentence to state prison, and to have treatment at the medical facility, for the special reason that he was suspected by his codefendant of having made a statement to the police which tended to incriminate the codefendant. He testified that the

codefendant had said he was waiting to hear at trial what had actually been said by appellant, that the codefendant had told him he must do something about the statement, and that the codefendant had threatened him. (Later, the codefendant pleaded guilty, but this was after appellant had changed his plea.) Appellant testified that he had feared recrimination if he were placed in the same penal institution with the codefendant.

Lack of good cause may have been found by the court in any one or more of these elements: (1) The court may not have believed appellant's testimony to the effect that his plea of guilty was induced by fear of reprisal by his codefendant. ■ Coercion must be established by clear and convincing evidence. (*People* v. *Gannaro*, 216 Cal.App.2d 25, 28 [30 Cal.Rptr. 711]; *People* v. *Boyles*, 191 Cal.App.2d 78 [12 Cal. Rptr. 400].) ■ The judge was not obliged to believe appellant's explanation. (*People* v. *Parker*, 196 Cal.App.2d 704, 708 [16 Cal.Rptr. 718].) (2) Before pleading guilty, appellant said nothing to the court about fear of reprisal, but stated that he was not concerned with his codefendant. Presumably (for no evidence to the contrary was produced at the motion to change the plea), he did not tell his counsel, before pleading guilty, of the reason he now says compelled him so to plead. Had he informed counsel, no doubt the lawyer would have found means by which to let the judge know about his client's predicament. (3) Appellant had given as his reason for immediate plea his unwillingness to stay in the county jail. (4) Appellant had told the court that his counsel had advised him he had no defense. (5) Actually, the codefendant had known that appellant had, to some degree, incriminated his codefendant at the preliminary examination, where both of the accused were present. It is possible that a repetition at trial of what appellant had said, rather than a repudiation of it, would have incensed the codefendant. But this was simply something for the trial judge to weigh when he ruled on the motion. (6) At the hearing of the application to withdraw the plea of guilty, appellant gave no intimation to the court that he had any defense to the charges.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.