[Crim. No. 17561. In Bank. Sept. 20, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH DAVID CRUZ, Defendant and Appellant.

## COUNSEL

William H. Waysman, under appointment by the Supreme Court, for Defendant and Appellant.

Stanley E. Remelmeyer, City Attorney, Roger P. Freeman and Owen D. Petersen, Deputy City Attorneys, for Plaintiff and Respondent.

Joseph P. Busch, District Attorney (Los Angeles), Harry B. Sondheim and Donald J. Kaplan, Deputy District Attorneys, as Amici Curiae on behalf of Plaintiff and Respondent.

## OPINION

**CLARK, J.**—Defendant appeals from a municipal court judgment entered following his plea of guilty to misdemeanor possession of marijuana. (Former Health & Saf. Code, § 11530; Pen. Code, § 17, subd. (b)(4).) We affirm the judgment.

 Because defendant was not represented by counsel when entering his plea, the court advised him of—and found he knowingly and intelligently waived—his constitutional right to counsel and the constitutional rights relinquished by the guilty plea: the privilege against self-incrimination and the rights of confrontation and jury trial. (See *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]; *Mills* v. *Municipal Court* (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273].) Appearing with counsel for disposition a month later, defendant moved to withdraw the plea, alleging in conclusory terms—but not proving—that he "had been confused and had not intelligently intended to relinquish his rights" when entering the plea.[1] The motion was denied.

---

[1] A settled statement constitutes the record on appeal. Although he does object to another paragraph, defendant does not object to the accuracy of the paragraphs of the settled statement summarized in the text.

Nor does defendant contend the requirement of an explicit "on the record" waiver

██ The appellate department of the superior court certified the case to the Court of Appeal,[2] and this court granted hearing to settle the following important question of law: Is a defendant who validly waives counsel and pleads guilty required to show "good cause" in support of a prejudgment motion to withdraw the plea?

When defendant moved to withdraw his plea, section 1018 of the Penal Code provided in relevant part: "On application of the defendant at any time before judgment the court may, and in case of a defendant who appeared without counsel at the time of the plea the court must, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted."[3] ██ ██ ██ Defendant contends that the mandate to permit withdrawal "in the case of a defendant who appeared without counsel at the time of the plea" is not qualified by the condition "for good cause shown," but stands absolute.[4]

---

of the constitutional rights relinquished by a guilty plea, as applied to misdemeanor prosecutions in *Mills* v. *Municipal Court, supra,* 10 Cal.3d 288, is unsatisfied here. Moreover, reliance by defendant on *Mills* is precluded by the fact that he entered his plea prior to the purely prospective decision in that case.

[2]See rule 63 of the California Rules of Court.

[3]In 1973, the phrase "for good cause shown" was changed to "for *a* good cause shown" (Stats. 1973, ch. 719, § 11, p. 502; italics added), an amendment without apparent substantive significance.

[4]At this court's request, supplementary briefs were filed on the threshold question whether the withdrawal provisions of section 1018 apply to misdemeanor prosecutions.

Other provisions of the section are concerned only with felony prosecutions. "No plea of guilty of a felony for which the maximum punishment is death, or life imprisonment without the possibility of parole, shall be received from a defendant who does not appear with counsel, nor shall any such plea be received without the consent of the defendant's counsel. No plea of guilty to a capital offense which does not require the further proceedings provided for in Section 190.1 shall be received from a defendant. No plea of guilty of a felony for which the maximum punishment is not death or life imprisonment without the possibility of parole shall be accepted from any defendant who does not appear with counsel unless the court shall first fully inform him of his right to counsel and unless the court shall find that the defendant understands his right to counsel and freely waives it and then, only if the defendant has expressly stated in open court, to the court, that he does not wish to be represented by counsel." (Stats. 1973, ch. 719, § 11, pp. 501-502.)

However, section 1018 begins by providing that "every" plea must be entered by the defendant himself in open court unless otherwise provided by law. Section 1429 of the Penal Code permits a defendant in a misdemeanor prosecution to plead guilty through counsel. (*Mills* v. *Municipal Court, supra,* 10 Cal.3d 288, 304.) That section 1429 does not provide for withdrawal of guilty pleas indicates it is supplemented in this respect by section 1018. Accordingly, we conclude the withdrawal provisions of section 1018 are applicable to misdemeanor prosecutions, a point we assumed but did not expressly consider in *People* v. *Superior Court (Giron)* (1974) 11 Cal.3d 793 [114 Cal.Rptr. 596, 523 P.2d 636].

■ Generally, a qualifying phrase applies to the word, phrase or clause immediately preceding it, unless context or evident meaning require a different construction. (*People* v. *Baker* (1968) 69 Cal.2d 44, 46 [69 Cal.Rptr. 595, 442 P.2d 675]; *Elbert, Ltd.* v. *Gross* (1953) 41 Cal. 2d 322, 326-327 [260 P.2d 35]; *Hopkins* v. *Anderson* (1933) 218 Cal. 62, 65 [21 P.2d 560].) The general rule governs this case. A motion to withdraw a guilty plea must be supported by a showing of good cause, whether the defendant was represented by counsel when entering the plea or waived his right to representation. The distinction drawn between the two classes is this: The requisite showing of good cause having been made, the court *must* grant a withdrawal motion made by a defendant who entered his plea without counsel, whereas the court *may* grant a withdrawal motion made by a defendant who entered his plea with counsel. (*People* v. *Shaver* (1966) 239 Cal.App.2d 213 [48 Cal.Rptr. 572].)[5] The proviso that "[t]his section shall be liberally construed to effect these objects and to promote justice" does not license either enlargement or restriction of its evident meaning. (See *Baxter* v. *Shanley-Furness Co.* (1924) 193 Cal. 558, 560 [266 P. 391]; *Richardson* v. *City of San Diego* (1961) 193 Cal.App.2d 648, 651 [14 Cal.Rptr. 494].)

■ Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea. (*People* v. *Barteau* (1970) 10 Cal.App.3d 483, 486 [89 Cal.Rptr. 139]; *People* v. *Brotherton* (1966) 239 Cal.App.2d 195, 200-201 [48 Cal.Rptr. 513], and cases cited therein.) But good cause must be shown by clear and convincing evidence. (*People* v. *Fratianno* (1970) 6 Cal.App.3d 211, 221-222 [85 Cal.Rptr. 755]; *People* v. *Brotherton, supra*; see also, *In re Dennis M.* (1969) 70 Cal.2d 444, 457, fn. 10 [75 Cal.Rptr. 1, 450 P.2d 296].)

■ Not only did defendant fail to present clear and convincing evi-

---

[5]*People* v. *Ector* (1965) 231 Cal.App.2d 619 [42 Cal.Rptr. 388] is disapproved insofar as it is inconsistent with this opinion. The *Ector* court stated: "As we read [section 1018], a showing of good cause is not required on an application at any time before judgment to withdraw a plea of guilty by a defendant who appeared without counsel at the time of the plea and under those circumstances the court must permit the plea of guilty to be withdrawn and a plea of not guilty substituted." (231 Cal. App.2d at p. 625.) However, this was dictum because good cause for withdrawal was shown in *Ector*. Contrary to the express requirement of section 1018, the trial court had permitted the defendant to plead guilty to a felony charge in propria persona, without obtaining a valid waiver of the right to counsel. (231 Cal.App.2d at pp. 623-624.)

dence that he was "confused" when entering his plea, but he also failed to even specify the nature of his alleged confusion.[6]

The judgment is affirmed.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

---

[6]The settled statement on appeal simply states, "Appellant appeared with a Deputy Public Defender and moved to withdraw his guilty plea on the ground that he had been confused and had not intelligently intended to relinquish his rights." The allegation was repeated without elaboration in the affidavit defendant filed in support of his withdrawal motion.