Filed 7/24/13  P. v. McGee CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>GINA MICHELLE McGEE,<br><br>　　　Defendant and Appellant. | A133466<br><br>(Marin County<br>Super. Ct. No. SC170537B) |

Defendant Gina Michelle McGee appeals from a judgment following her guilty plea to the fraudulent offer, purchase, or sale of a security and grand theft by embezzlement.  She contends the trial court abused its discretion in denying her motion to withdraw her guilty plea.  We find no such error and shall affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

At the preliminary hearing, the prosecution presented evidence tending to show that between April 2006 and June 2009, numerous individuals were admitted as limited partners in Highlands Capital Partners, which was owned by defendant's husband, codefendant Glenn Jackson, and specialized in currency trading.  Highlands Capital Partners was affiliated with other entities, including Highlands Capital Advisors and Highlands Capital Management (collectively, Highlands).

The prosecution presented evidence that defendant's name appeared on various documents listing her as an officer and trading partner of Highlands.  There was also evidence that she represented herself as employed by Highlands as a commodities trading agent, and she was authorized to withdraw funds from various Highlands accounts.

1

Highlands reportedly received about $2.9 million from investors between April 2006 and June 2009.  Approximately $1.1 million of that money was lost, $600,000 transferred to bank accounts for Jackson's and defendant's personal use and approximately $1.1 million never deposited into any trading account but converted to the defendants' personal use.

On June 2, 2011, the Marin County District Attorney filed a two-count information charging defendant with the fraudulent offer, purchase, or sale of a security (Corp. Code, § 25541) and grand theft by embezzlement (Pen. Code, § 487, subd. (a)).  As to both counts, the information alleged that defendant took more than $500,000.  (Pen. Code, § 186.11, subd. (a).)  On that same day, defendant executed a "Guilty Plea Waiver Form" in which she stated, "I offer my plea of GUILTY, and my admissions and waivers freely and voluntarily. . . ."  Defendant verbally confirmed to the court that she understood the charges and was entering her plea voluntarily.  She thereafter entered plea of guilty pursuant to *Alford*/*West*,[1] and acknowledged the truth of the Penal Code section 186.11 enhancement concerning the amount of loss.

On August 19, 2011, a few days prior to the sentencing hearing, and again at the August 22 hearing before sentence was imposed, defense counsel advised the court that defendant intended to file a motion to withdraw her plea.  Defense counsel stated that the motion would be based on the contention that defendant's mental condition at the time she entered the plea constituted duress.  The trial court nonetheless proceeded with sentencing, deferring the imposition of sentence and placing defendant on probation for a period of eight years, with 351 days of credit for time served.

On August 30, 2011, defendant filed a written motion to withdraw her guilty plea. In support of the motion, defendant stated that she had been affected by her family's health problems and the recent death of two friends, and that she had developed a rash, lost weight, discovered two lumps on her own breast, and missed the family pet.  The trial court denied the motion.

---

[1] These cases authorize a defendant to enter a guilty plea and still maintain her innocence, provided that there is a factual basis for the plea.  (*North Carolina v. Alford* (1970) 400 U.S. 25; *People v. West* (1970) 3 Cal.3d 595.)

Defendant filed a timely notice of appeal and her request for a certificate of probable cause was granted.

## DISCUSSION

### *Withdrawal of Guilty Pleas*

Defendant contends the trial court abused its discretion by denying her motion to withdraw her guilty plea. Defendant maintains that, under the totality of the circumstances, her plea was not knowing, intelligent, and voluntarily made.

"On application of the defendant at any time before judgment or within six months after an order granting probation is made if entry of judgment is suspended, the court may . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. . . . This section shall be liberally construed to effect these objects and to promote justice." (Pen. Code, § 1018.) "Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea." (*People v. Cruz* (1974) 12 Cal.3d 562, 566.) Good cause must be shown by clear and convincing evidence. (*People v. Fratianno* (1970) 6 Cal.App.3d 211, 222.) "A plea may not be withdrawn simply because the defendant has changed his mind." (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.) "The granting or denial of a motion by a defendant to withdraw his plea of guilty rests in the sound discretion of the trial judge and his decision will not be disturbed on appeal unless an abuse of that discretion is clearly shown." (*People v. Brotherton* (1966) 239 Cal.App.2d 195, 200.)

The trial court did not abuse its discretion here. Defendant's declaration in support of her motion acknowledged that she accepted the plea offer because she was told she could face a longer prison sentence if convicted after a trial. Such is frequently the case and inevitably creates a pressure to accept the lesser sentence. Although defendant may have been stressed by the health problems of her parents and her grandmother and the recent deaths of two friends, such concerns do not necessarily mean that she could not and did not knowingly and voluntarily decide to enter her plea. Before her plea was accepted, defendant acknowledged that she was freely doing so both in the waiver form that she executed and orally to the court. Defendant said nothing to indicate, nor showed

3

any sign, that her extraneous concerns were affecting her ability to think clearly and to knowingly enter a plea. At that time her attorney gave the court no indication that defendant's mental condition rendered her unable to understand and freely choose between the alternatives with which she was faced. The trial court did not abuse its discretion in finding that defendant's circumstances did not rise to the level of the good cause that is required for a change of plea. (*People v. Brotherton*, *supra*, 239 Cal.App.2d at p. 200.)

### DISPOSITION

The judgment is affirmed.


_____
Pollak, J.


We concur:


_____
McGuiness, P. J.


_____
Siggins, J.

4