Filed 10/3/16  P. v. Gonzalez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MOISES GONZALEZ,<br><br>    Defendant and Appellant. | B267208<br><br>(Los Angeles County<br>Super. Ct. No. GA096710) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Villalobos, Judge.  Affirmed.

Law Offices of Edward J. Blum and Edward J. Blum, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Stephanie A. Miyoshi and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Moises Gonzalez appeals the denial of his motion to withdraw his plea, alleging he was under undue duress when he entered it. Because the trial court did not abuse its discretion in denying the motion, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A felony complaint was filed against Moises Gonzalez on July 17, 2015, alleging possession for sale of heroin in Count 1 (Health & Saf. Code, § 11351), and misdemeanor possession of methamphetamine in Count 2 (Health & Saf. Code, § 11377). Gonzalez was arraigned, and bail set at $30,000 on July 17, 2015. He posted bail and was ordered back to court for a preliminary hearing set for August 12, 2015, at 8:30 a.m.

On August 12, 2015, the court called the matter at 10:15 a.m.; Gonzalez had not appeared and his lawyer confirmed he had had no contact. The court ordered the bond forfeited, reset bail at $50,000, issued a bench warrant on a related probation violation matter, and set bail on that matter at $30,000.

Gonzalez arrived shortly thereafter, and the court recalled the matter. Gonzalez apologized to the court, stating he had been delayed returning from Tijuana, where he had been because his father was ill. The court indicated it probably would remand Gonzalez, but gave him the opportunity to discuss the matter with his counsel.

Gonzalez then entered a no contest plea to Count 1, with an indicated sentence of three years of probation, conditioned on 180 days in county jail, with the probation violation to run concurrent; surrender was to be delayed to a future date. Gonzalez was advised of his rights, waived his rights and entered a no contest plea, and admitted the probation violation. His sentence was imposed on the terms previously indicated.

On September 4, 2015, Gonzalez filed a motion under Penal Code section 1018 to withdraw his plea, asserting that he had been coerced by the threat of being remanded to custody. At the hearing on September 24, Gonzalez and the public defender who had represented him at the time of the plea testified. The court found no good cause to withdraw the plea, denied the motion and remanded Gonzalez, explaining that, prior to the plea, the court had not decided that Gonzalez was to go into custody, and that there

2

had been no request to lower the bail the court had set when the defendant had failed to appear.

## DISCUSSION

We review the determination of the trial court on a motion to withdraw a plea for abuse of discretion and accept factual findings supported by substantial evidence. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.) "A decision to deny a motion to withdraw a guilty plea "'rests in the sound discretion of the trial court"' and is final unless the defendant can show a clear abuse of that discretion. [Citation.] Moreover, a reviewing court must adopt the trial court's factual findings if substantial evidence supports them. [Citation.] [Citation;] accord, *People v. Breslin* (2012) 205 Cal.App.4th 1409, 1416 [140 Cal.Rptr.3d 906].) "'Guilty pleas resulting from a bargain should not be set aside lightly and finality of proceedings should be encouraged.' [Citation.]" (*People v. Weaver* (2004) 118 Cal.App.4th 131, 146 [12 Cal.Rptr.3d 742].) "[T]he fact that a hearing court's ruling on a section 1018 motion is reviewed by us under the 'abuse of discretion' standard appropriately results in our paying considerable deference to the hearing court's factual findings: "All questions of the weight and sufficiency of the evidence are addressed, in the first instance, to the trier of fact, in this case, the trial judge.' (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1460, fn. 4 [2 Cal.Rptr.2d 670].)"' (*People v. Archer* (2014) 230 Cal.App.4th 693, 702.)

The defendant has the burden to establish good cause for the withdrawal of his plea by clear and convincing evidence. (*People v.* Cruz (1974) 12 Cal.3d 562, 566; *People v. Breslin*, *supra,* at p. 1416.)[1] Good cause is not established because a defendant has changed his mind about the wisdom of the plea, however. (*People v. Nance, supra*, 1 Cal.App.4th at p. 1457.)

---

[1]     The defendant must also show prejudice in that he or she would not have accepted the plea had the complained of circumstances not existed. (*People v. Breslin, supra*, 205 Cal.App.4th at p. 1416.) Here Gonzalez's declaration in support of the motion asserts prejudice, but in light of the finding of no good cause, we need not reach that issue on appeal.

In this case, Gonzalez asserts that he was coerced into entering his plea because he would have been remanded had he not done so. The facts, found by the trial court and amply supported by the record, are to the contrary. While the court did indicate that remand was likely, the court had also reset bail prior to Gonzalez's appearance. Counsel did not request that that bail amount be lowered, or that defendant be released without bail. In entering the plea, Gonzalez affirmed that neither threats nor promises had been made to him to induce his action. In light of those facts, we find no abuse of discretion in the denial of the motion.

## DISPOSITION

The order denying the motion is affirmed.

ZELON, Acting P. J.

We concern:

SEGAL, J.

GARNETT, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.