Filed 6/29/23  P. v. Garcia CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CLAUDIO GARCIA,<br><br>    Defendant and Appellant. | 2d Crim. No. B320969<br>(Super. Ct. No. MA079161)<br>(Los Angeles County) |

Claudio Garcia appeals a post-judgment order denying his motion to withdraw his nolo contendere plea.  (Pen. Code, § 1018.)[1]  We conclude Garcia did not establish good cause to withdraw his plea and affirm.

This appeal concerns Garcia's nolo contendere plea to two counts of commission of a lewd act upon a child under 14 years of age.  (§ 288, subd. (a).)  The trial court suspended execution of sentence and placed Garcia on five years of formal probation. Approximately five months later, Garcia moved to withdraw his

_____

[1] All statutory references are to the Penal Code.

plea, asserting that he did not understand or was unaware of the immigration consequences of his plea. Following an evidentiary hearing, the trial court denied Garcia's motion.

*FACTUAL AND PROCEDURAL HISTORY*

On September 1, 2019, the Los Angeles District Attorney filed a felony complaint against Garcia, alleging three counts of commission of a lewd act upon a child under 14 years of age. (§ 288, subd. (a).) The criminal offenses concerned the sexual touching of two girls (11 and 12 years old respectively) during sleepovers and a family birthday party at Garcia's residence. Each criminal offense was punishable by three, six, or eight years' imprisonment.

On September 2, 2021, Garcia's attorney, Robert Hankoff, informed Garcia that he had negotiated a plea agreement that did not involve any jail or prison confinement. That evening, Hankoff e-mailed Garcia the terms of the plea agreement.

On September 3, 2021, Garcia completed a written plea form that included a section entitled "Immigration Consequences." Garcia initialed the subsection stating: "I understand that if I am not a citizen of the United States, my plea of guilty or no contest may result in my deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (See, § 1016.5, subd. (a).)

On September 3, 2021, Garcia pled nolo contendere to two of the three felony counts. During the plea colloquy, the trial judge stated: "If you are not a citizen of the United States, your plea *will* result in your deportation, exclusion from admission to the United States and denial of naturalization." (Italics added.) Following an explanation of the other consequences of his plea,

2

the judge asked Garcia if he had "any questions about anything [she] just explained" and whether Garcia understood the consequences of his plea.  Garcia personally responded that he had no questions and understood the consequences of the plea.  Among other findings, the trial court then found that Garcia's plea was "freely and voluntarily made with an understanding of the nature and the consequences thereof . . . ."

Pursuant to the plea agreement, the trial court sentenced Garcia to five years' imprisonment but suspended execution of sentence and placed him on formal probation for five years with terms and conditions.  On February 8, 2022, the United States Immigration and Customs Enforcement detained Garcia.

On March 9, 2022, and April 21, 2022, Garcia moved to withdraw his plea and vacate his sentence pursuant to sections 1018 and 1473.7.  Garcia submitted declarations in support of his motion and later testified at an evidentiary hearing.  The trial court took judicial notice of Garcia's written plea agreement and the transcript of the plea proceedings.

In his supporting declarations, Garcia declared that he had questions regarding the effect of the plea upon his immigration status but that Hankoff could not answer the immigration questions.  Hankoff responded that Garcia should seek legal advice from an immigration attorney.  Garcia had no time to consult an immigration attorney, however, because he was scheduled to enter the plea the following morning.  Garcia declared that Hankoff never explained to him that he would be immediately deported if he accepted the plea agreement.  Garcia stated that he would not have entered a plea if he had understood that he "would be imminently deportable."  In the morning of the

3

plea proceeding, Hankoff reminded Garcia that he was receiving a "great no custody deal."

At the evidentiary hearing, Garcia repeated that Hankoff did not explain that he would be deported due to the plea. Garcia stated that he "had no idea" that he would be deported. He admitted that a previous attorney warned him about possible immigration consequences, but claimed that "[d]eportation was always off the table." Garcia testified that his previous attorney offered to negotiate a disposition that would preclude deportation.

During cross-examination, Garcia admitted that Hankoff texted him prior to the plea proceeding and warned that there were immigration consequences to the plea: "As you know, this conviction will very likely [a]ffect and impact your immigration status in the United States. We are not immigration attorneys and I would encourage you to speak with an immigration attorney regarding this matter." Garcia testified that he did not speak to an immigration attorney and did not know that he would be deported.

Garcia also testified that Hankoff informed him that he (Hankoff) would consult an immigration attorney on Garcia's behalf, but did not do so. Garcia stated that despite the trial court's admonition, he believed he "had time" to contest deportation and was relying upon his attorney.

Following Garcia's testimony, the trial court denied his motion to withdraw his plea pursuant to section 1018. In ruling, the court relied upon the lack of "credible" evidence that counsel misadvised Garcia or informed him that he would not be deported. The court concluded: "[T]here is no indication . . . that [Garcia] was misadvised or not advised about the immigration

4

consequences – in fact, the evidence shows that he was specifically advised of the deportation by the court – but also, there is no indication, other than statements by [Garcia] that the court doesn't find credible, that he wouldn't have plead[ed] had he known of these consequences."  The court also noted that Garcia had approximately one year from his arraignment until the plea proceeding to seek advice regarding his immigration status.  The court also commented that Garcia received "an exceptionally favorable disposition."

`        The trial court also denied Garcia's motion pursuant to section 1473.7, concluding that the statute was inapplicable because Garcia, a probationer, remained in constructive custody. (*Id.,* subd. (a).)

Garcia requested and obtained a certificate of probable cause to appeal the trial court's denial of his motion.

*DISCUSSION*

Garcia argues that the trial court abused its discretion by denying his plea withdrawal motion.

Section 1018 permits a defendant to move to withdraw a plea for good cause at any time before judgment is entered.  A defendant has the burden of demonstrating good cause by clear and convincing evidence.  (*People v. Cruz* (1974) 12 Cal.3d 562, 566 [generally defendant must show by clear and convincing evidence that the plea was the result of mistake, ignorance, or any other factor overcoming exercise of free judgment].)  A defendant must further show prejudice in that he "would not have accepted the plea bargain had it not been for the mistake." (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1416.)  The focus of a section 1018 inquiry is "what the defendant knew when

5

entering the plea." (*People v. Patterson* (2017) 2 Cal.5th 885, 897.)

A trial court's decision to grant or deny a motion to withdraw a plea pursuant to section 1018 is reviewed for an abuse of discretion. (*People v. Patterson*, *supra*, 2 Cal.5th 885, 894; *People v. Nocelotl* (2012) 211 Cal.App.4th 1091, 1096-1097 [trial court's decision may not be arbitrary, whimsical, or capricious]; cf. *People v. Vivar* (2021) 11 Cal.5th 510, 528 [independent review standard applies to "someone seeking to withdraw a plea under section 1473.7" for adverse immigration consequences].) We are bound by the trial court's factual findings that are supported by sufficient evidence. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)

The trial court denied Garcia's motion to withdraw his plea because he did not establish good cause by clear and convincing evidence. The trial court informed Garcia that by virtue of his plea, he would be deported. Garcia stated that he understood and did not have any questions for the court. The written disposition statement also informed Garcia that he might be deported and his attorney advised him that his immigration status would likely be affected. Garcia did not request additional time from the court to consider the effect of his plea upon his immigration status. (§ 1016.5, subd. (b) ["Upon request, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of the advisement"].) The court also expressly found Garcia's statement that he was not advised or misadvised or that he would not have entered the plea agreement if he had known of the immigration consequences to be not credible.

*Ineffective Assistance of Counsel*

Garcia also contends that his attorney did not adequately research and advise him of the immigration consequences of his plea. For this reason, he asserts that he received the ineffective assistance of counsel. (*United States v. Rodriguez-Vega* (9th Cir. 2015) 797 F.3d 781, 786 [counsel required to advise defendant that a section 288, subdivision (a), conviction renders removal virtually certain]; *United States v. Bonilla* (9th Cir. 2011) 637 F.3d 980, 984 [same].)

To prevail, Garcia must demonstrate that 1) counsel's representation fell below an objective standard of reasonableness, as judged by prevailing professional norms; and 2) but for counsel's unprofessional errors, the result of the proceeding would have been different. (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 694.) In other words, Garcia must establish "a reasonable probability exists that, but for counsel's incompetence, he would not have pled guilty and would have insisted, instead, on proceeding to trial." (*In re Resendiz* (2001) 25 Cal.4th 230, 253, abrogated in part on other grounds by *Padilla v. Kentucky* (2010) 559 U.S. 356, 370.)

Garcia's counsel advised Garcia by text that his plea would "very likely [a]ffect and impact [his] immigration status," and that he should seek advice from an immigration attorney. Although counsel did not advise that deportation was virtually certain, he did advise that it was "very likely" and that Garcia should obtain expert immigration advice. Moreover, the trial court advised Garcia that he would be deported by virtue of his plea. Garcia cannot establish ignorance of the immigration consequences of his plea.

7

Garcia also cannot establish that but for counsel's asserted incompetence, he would not have entered a plea agreement. Garcia does not identify any alternate immigration-neutral disposition that his attorney could have negotiated on his behalf and to which the prosecutor would have agreed.  The charged sexual offenses prescribed lengthy sentences and his victims' statements at sentencing reflect their interest in holding Garcia accountable.  There is no reasonable probability that Garcia would have insisted on proceeding to trial.  (*In re Resendiz, supra*, 25 Cal.4th 230, 253 [disparity between terms of plea agreement and probable penalty consequences of conviction after trial is one factor in deciding plea withdrawal motion].)

*DISPOSITION*

The order denying Garcia's motion to withdraw his plea is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


BALTODANO, J.


CODY, J.

8

Kathleen Blanchard, Judge

Superior Court County of Los Angeles

_____

Sabrina R. Damast, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.