Filed 8/25/23  P. v. Fries CA5
Opinion after recalling remittitur

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE, | F082639 |
| Plaintiff and Respondent, | (Super. Ct. No. F19907042) |
| v. | |
| MICHAEL JAMES FRIES, | **OPINION** |
| Defendant and Appellant. | |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Adolfo M. Corona, Judge.

Kristine Koo, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Detjen, J. and Smith, J.

On April 20, 2022, this court issued an opinion affirming defendant, Michael James Fries, conviction for assault by means of force likely to produce great bodily injury. Defendant's appointed counsel had filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, identifying no error and asking the court to determine whether there were any arguable issues on appeal. Defendant was afforded an opportunity to submit a supplemental brief but failed to do so in the time allotted. After remittitur issued, his counsel moved the court to vacate its opinion and remittitur and afford defendant an additional opportunity to submit a supplemental brief. This court granted defendant's motion.

On August 16, 2022, defendant filed a supplemental brief, (1) requesting that the court "speak to" an officer who witnessed the incident giving rise to his conviction, (2) requesting that the court "speak to" an officer who characterized his arrest as a " 'false arrest,' " (3) contending that his statement to an officer on the date of his arrest was not provided to him in discovery, and (4) contending that the statement that he made to an officer on the date of his arrest was not provided to the district attorney's office. Defendant identifies no basis for relief, nor has our independent review of the record. We affirm.

## BACKGROUND

On October 15, 2019, after defendant refused to stop piling his tree trimmings in front of his neighbor's house, his neighbor confronted him. Defendant started a fight, brandishing and swinging a knife at the neighbor, striking his chest. The neighbor then responded with aggression and both men were injured.

On October 17, 2019, the Fresno County District Attorney charged defendant with assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1); count 1).

---

[1] All further statutory references are to the Penal Code.

On October 30, 2019, count 1 was amended to assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)), and defendant pled no contest to this sole count. The court issued and served defendant with a 20-yard protective order against defendant for the protection of the neighbor, and released defendant from custody on pretrial release.

On September 22, 2020, defendant filed a motion to withdraw his plea on the ground that he had learned of possible exculpatory evidence. He claimed in his motion and the attached declaration that he had been set up by the police department and, on October 15, 2019, a police officer told him his arrest was a " 'false arrest.' " He did not identify the officer that referred to his arrest as a " 'false arrest' " by name. New defense counsel was appointed for the purposes of the motion.

On October 7, 2020, the trial court held a hearing on defendant's motion to withdraw the plea. The People noted that the purported statement regarding the " 'false arrest' " by the unnamed officer occurred prior to defendant's no contest plea. Defendant's counsel indicated that she spoke to defendant about the discrepancy and defendant indicated that he actually spoke to the officer on June 5, 2020. No sworn statement was admitted to support that contention. Defendant and his counsel further explained that they had attempted to discover the name and badge number of the unidentified officer to no avail. Ultimately, the trial court denied defendant's motion to withdraw his plea, finding that the date of communication with the unidentified officer listed in defendant's declaration preceded the no contest plea and provided no basis to withdraw the plea. Defendant then argued that he should be permitted to withdraw his plea because he acted in self-defense. The trial court responded that, assuming that was true, those facts were known to defendant prior to his entry of the no contest plea and therefore also did not provide a basis to withdraw his plea. The trial court further noted that withdrawal of defendant's plea was unwarranted because "the [change of plea]

3

transcript show[ed] that [defendant] understood everything, had no reservations, and it was clear within the transcript."

On the same date, the trial court granted defendant an opportunity to hire private defense counsel for sentencing and/or to file a subsequent motion to withdraw his plea.

Defendant's private defense counsel appeared with him on two hearings after the October 7, 2020 hearing, and the record indicates he was considering a motion to withdraw defendant's plea. The record further indicates that defendant's private defense counsel obtained a copy of body camera footage from one of the officers who responded to the incident and the draft police reports from the incident. Defendant's private defense counsel did not file a subsequent motion to withdraw defendant's plea.

On March 22, 2021, the trial court sentenced defendant to six months of probation with 171 days of jail time, awarded credits, and imposed various fines and fees.[2] The court terminated the protective order it issued on October 30, 2019.[3]

On April 7, 2021, defendant filed a notice of appeal on his own behalf and the trial court granted his request for a certificate of probable cause. On April 15, 2021, defense counsel filed an amended notice of appeal and the trial court again granted the request for a certificate of probable cause.

On April 20, 2022, this court affirmed defendant's conviction after his counsel filed a *Wende* brief, and defendant filed no supplemental brief despite adequate notice.

On July 19, 2022, this court granted defendant's motion to recall the remittitur and vacate its opinion. It granted defendant 30 days to file a supplemental brief.

On August 16, 2022, defendant filed a supplemental brief.

---

**2**      The original minute order erroneously stated two years of probation. On July 20, 2021, the trial court issued a corrected minute order stating six months of probation.

**3**      Defense counsel received a copy of the terminated protective order.

4

**DISCUSSION**

Defendant's first two contentions—requesting that this court "speak to" two officers who purportedly made statements regarding his arrest to support his position that he should have been permitted to withdraw his plea—would require us to review material outside the record. Insofar as defendant intends to argue that the record before us provides a basis for withdrawal of his plea, he is mistaken.

The record before us includes defendant's motion to withdraw his plea. Defendant's declaration attached to that motion indicates that "shortly after [his] early release from [jail] on October 15th, 2019, a[n] officer from Fresno PD knocked on [his] front door [and] want[ed] to speak to [him]. … [He] replied, 'sorry but no, I don't speak to y'all anymore.' [The officer responded], 'Oh since the false arrest.' " At the hearing on the motion, defendant indicated that he had unsuccessfully attempted to learn the officer's name and badge number. Thereafter, defendant hired private defense counsel who obtained draft police reports and an officer's body camera footage from the incident. No subsequent motion to withdraw defendant's plea was filed.

Section 1018 provides in pertinent part: "Unless otherwise provided by law, every plea shall be entered or withdrawn by the defendant himself … in open court. … On application of the defendant at any time before judgment … the court may, … for a good cause shown, permit the plea of guilty [or nolo contendere] to be withdrawn and a plea of not guilty substituted…. This section shall be liberally construed to effect these objects and to promote justice." As stated in *People v. Cruz* (1974) 12 Cal.3d 562, 566: "Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea. [Citations.] But good cause must be shown by clear and convincing evidence." None of the evidence in the record tends to suggest that defendant had a legal basis to withdraw his no contest plea. Insofar as defendant asks us

5

to consider evidence outside of the record, his claim is not properly before us in this appeal. (*People v. Seaton* (2001) 26 Cal. 4th 598, 634.)

Third and fourth, defendant contends that his statement to law enforcement on the date of his arrest was not provided to him in discovery and was not provided to the district attorney. Again, the record suggests that defendant's private defense counsel obtained draft police reports[4] and body camera footage from an unknown officer from the date of defendant's arrest. It is unclear whether his statement to law enforcement on the date of his arrest was contained in those records.

Our Supreme Court has been abundantly clear that the failure to raise a timely objection forfeits any claim of error premised upon a failure to provide exculpatory evidence or witness statements that were known by the defendant. (*People v. Anderson* (2018) 5 Cal.5th 372, 395 [defendant forfeits claim that prosecutor did not provide timely discovery by failing to object]; *People v. Morrison* (2004) 34 Cal.4th 698, 714 [When allegations of discovery violations are "based on information that was known or available to [defendant] at trial[;] … [defendant's] failure to make proper objections, request appropriate sanctions, or seek any continuance on the matter is fatal … on appeal."].) Here, defendant was certainly aware of the statement he made to the law enforcement officer—and the probation officer's report identified the existence of the statement prior to sentencing—yet, the record does not indicate that defendant ever raised this issue below. The issue is therefore forfeited. Moreover, the record does not clearly indicate that defendant was not provided with the statement in question. Insofar as defendant

---

**4**     While defense counsel did not indicate which police reports he obtained, the probation officer's report indicates that the police reports available in this case summarized defendant's statements to officers on the date of his arrest. That report was prepared in anticipation of the original December 18, 2019 sentencing date and, on the date of sentencing, defendant's private defense counsel acknowledged having received the report.

intends us to consider his argument as an evidentiary claim outside of the record, his claim is not properly before us in this appeal. (*People v. Seaton*, *supra*, 26 Cal. 4th at p. 634.)

We find no basis for relief and our independent review has identified no error.

## **DISPOSITION**

The judgment is affirmed.