Filed 7/24/13  P. v. Harvey CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062441 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD241918) |
| DANIEL MARK HARVEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

Laurel M. Nelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, James D. Dutton and Donald William Ostertag for Plaintiff and Respondent.

# I.

## INTRODUCTION

Defendant Daniel Mark Harvey appeals from a judgment of conviction after he pled guilty to one count of assault with a deadly weapon and admitted to having personally used a deadly weapon, pursuant to a negotiated plea agreement. On appeal, Harvey contends that he should be permitted to withdraw his guilty plea because he had taken medications that might have affected his mental faculties prior to the hearing at which he entered his guilty plea, thus calling into question whether his plea was made knowingly and voluntarily. In the alternative, Harvey contends that in light of his response to an inquiry by the trial court in which Harvey informed the court that he had taken certain prescription medications in the past 48 hours in connection with his treatment for prostate cancer, the trial court (a) failed to make an adequate inquiry as to whether Harvey had the ability to knowingly and voluntarily relinquish his rights and plead guilty, and/or (b) failed to make an adequate inquiry into the factual basis for the plea.

Harvey's contentions are without merit. We therefore affirm the judgment.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 24, 2012, Harvey pled guilty to assault with a deadly weapon or by means likely to inflict great bodily injury (Pen. Code, § 245, subd. (a)(1)),[1] and admitted that he

---

[1]     Further statutory references are to the Penal Code unless otherwise specified.

2

had personally used a deadly weapon in connection with the assault (§ 1192.7, subd. (c)(23)). Harvey also admitted that he had suffered one prior strike conviction within the meaning of section 667, subdivisions (b)-(i) and section 1170.12.

As the factual basis for his guilty plea, Harvey admitted to the allegations in the charging document, i.e. that he personally used a cane to attack the victim, David Kozlowski.

Pursuant to the terms of Harvey's negotiated plea agreement, the trial court sentenced Harvey to a term of four years in state prison.

Harvey filed a timely notice of appeal.

### III.

### DISCUSSION

Harvey contends that he should be permitted to withdraw his guilty plea on the ground that the plea was not entered into knowingly or voluntarily. Harvey suggests that his acknowledgment at the time he entered his guilty plea that he had taken certain medications in the past 48 hours rendered his guilty plea unknowing and involuntary. Harvey contends, in the alternative, that the trial court made an insufficient inquiry into whether Harvey was pleading guilty knowingly and intelligently, or whether there was a sufficient factual basis for the plea, after being informed that Harvey had recently taken certain prescription medications.

A.      *Additional background*

On July 24, 2012, Harvey signed and initialed a change of plea form indicating his agreement to a plea deal pursuant to which he would agree to plead guilty to one count of

assault with a deadly weapon, and in exchange for his guilty plea, the People would dismiss the remaining charges against him and would seek a sentence of four years.

At the change of plea hearing, the trial court asked Harvey, "Sir, have you had any alcohol, drugs, or medication in the last 48 hours?" Harvey responded, "No sir— medication, yes." The court asked Harvey what medications he had taken. Harvey told the court that he had taken "Tramadol," "Flexeril," and "Tetrazepam." Harvey then explained to the trial court that he was being treated for prostate cancer. The trial court asked Harvey, "As a result of this medication, are you having any problems understanding what we are doing in court?" Harvey responded, "No, sir."

The trial court proceeded to question Harvey about his change of plea form, and orally reviewed the advisements and waivers included on the form, which Harvey had initialed and signed. Harvey repeatedly indicated that he understood the plea agreement and the consequences of his decision to plead guilty. The court asked Harvey, "And you're entering your plea freely and voluntarily because you believe it's in your best interest?" Harvey responded, "Yes, sir."

Defense counsel concurred with Harvey's waiver of rights and change of plea. The trial court made a finding that Harvey had made a "knowing, voluntary waiver of rights," and that there was a "sufficient factual basis" for the plea. The court granted the People's motion to dismiss the remaining counts, and sentenced Harvey to a four-year prison term, pursuant to the terms of the plea agreement.

B.     *Analysis*

A guilty plea is valid as long as the record affirmatively shows that the plea is voluntary and intelligent under the totality of circumstances.  (*People v. Mosby* (2004) 33 Cal.4th 353, 361.)  A guilty plea is voluntary and intelligent when (1) it is made with the advice of competent counsel; (2) the defendant was made aware of the nature of the charges against him; (3) the plea was not induced by harassment, improper threats of physical harm, coercion, or misrepresentations; and (4) there is nothing to show that the defendant was incompetent or otherwise not in control of his mental faculties.  (*Brady v. United States* (1970) 397 U.S. 742, 750-756.)

Harvey contends that this court should set aside his guilty plea because the plea was not knowingly and intelligently made, and was therefore involuntary, in that he may have been mentally impaired by the prescription medications that he had taken within 48 hours prior to the hearing.

As the People point out, however, Harvey has forfeited this claim on appeal because he never made a motion to withdraw his plea in the trial court.  As a general rule, "an appellate court will not consider claims of error that could have been—but were not—raised in the trial court.  [Citation.]"  (*People v. Vera* (1997) 15 Cal.4th 269, 275.)  Section 1018 authorizes a defendant to move to withdraw his plea "at any time before judgment."  (See *People v. Cruz* (1974) 12 Cal.3d 562, 566, fn. 5.)  The record demonstrates that at the time Harvey pled guilty, both Harvey and his attorney were aware of the circumstances that Harvey now alleges may have rendered his plea involuntary.  At the change of plea hearing, Harvey did not indicate in any way that his

5

mental faculties were impaired, and in fact, he indicated that they were not.  Further, Harvey never made any subsequent motion to withdraw his plea.

Because Harvey failed to move to withdraw his plea in the trial court, the vast majority of the "evidence" on which Harvey relies in arguing on appeal that his plea may have been involuntary is simply not a part of the record in the trial court or on appeal.  For example, Harvey now argues that the medications that he indicated to the trial court he had taken, apparently as part of his treatment for prostate cancer, may have affected his mental faculties.  As support for this contention, Harvey proffers what he maintains are the possible side effects of these drugs, and relies on various Internet sources as support for his claim that these particular drugs may produce the side effects that he cites.  However, none of this information was presented as evidence in the trial court, and it is not part of the record on appeal.  By failing to move to withdraw his guilty plea in the trial court and failing to present evidence in the trial court to support his contentions, Harvey has forfeited his claim on appeal that his guilty plea was involuntary as a result of the medications that he had taken in the 48 hours before entering a plea of guilty.  (See *People v. Marsh* (1984) 36 Cal.3d 134, 140; *People v. Massie* (1967) 66 Cal.2d 899, 910.)

We also reject Harvey's contention that the trial court's inquiry into his ability to make a knowing and voluntary plea was insufficient given Harvey's statement to the trial court that he had taken certain medications.  The trial court asked Harvey whether the medications were affecting his ability to understand what was happening in court, and Harvey responded in the negative, indicating that he was not having a problem.  In

6

addition, Harvey's trial counsel raised no concerns as to Harvey's capacity to knowingly and voluntarily enter a plea. Under these circumstances, the trial court was under no duty to inquire further about the medications that Harvey had taken, or their potential side effects.

Harvey's suggestion that the trial court's inquiry as to the factual basis for the plea was insufficient in light of Harvey's having mentioned that he had taken various medications is similarly without merit. In making this argument, Harvey appears to contend that the trial court should have sought out additional facts to support the plea because of Harvey's mental state at the time. However, this argument presupposes that Harvey's mental state was impaired in some way. Again, there is no evidence in the record that Harvey's mental state was impaired, much less sufficiently impaired to require the court to meet some heightened standard for ascertaining whether there was a sufficient factual basis for the guilty plea. The trial court relied on the facts alleged in the charging document, asking Harvey whether he "did unlawfully commit an assault upon David Kozlowski and personally used a deadly weapon, an instrument, to wit, a cane," and whether he had "suffered a prior strike conviction in 2003." Harvey admitted to these facts, thereby providing a sufficient factual basis for the plea. (See *People v. Holmes* (2004) 32 Cal.4th 432, 442 [if the trial court examines the defendant regarding the factual basis for the plea, it is sufficient for purposes of establishing the factual basis for the plea to "question the defendant regarding the detailed factual basis described in the complaint or written plea agreement"].)

IV.

DISPOSITION

The judgment of the trial court is affirmed.


_____

AARON, J.

WE CONCUR:


_____

NARES, Acting P. J.


_____

HALLER, J.