Filed 9/14/15  P. v. Taboada CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F069051 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 1451709) |
| MICHAEL FRANCIS TABOADA, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Scott T. Steffen, Judge.

Alison E. Kaylor, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Kane, Acting P.J., Detjen, J. and Smith, J.

## INTRODUCTION

On November 20, 2012, appellant Michael Francis Taboada was charged with three felony offenses. On December 4, 2012, Taboada pled no contest to one felony count, receiving stolen property, in exchange for dismissal of all other charges. On April 9, 2013, Taboada indicated he wished to withdraw his plea. Based upon Taboada's allegations, the trial court interpreted the request as a motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*), and new counsel was appointed. New counsel filed a motion to withdraw the plea, which was denied. Taboada filed a notice of appeal on March 12, 2014. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We will affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

Because no trial occurred, the facts are taken from documents in the record. Taboada's codefendant, Lonny Leo Mitzel, worked for Room Xpress, a furniture store owned by Ralph Vo. Mitzel and Taboada were roommates and rented a room from Deborah Meverden. Mitzel would steal furniture from Room Xpress and bring it to Taboada and Mitzel's residence.

Taboada and Mitzel were paying their rent in the form of furniture, holding yard sales and selling furniture and bringing home pieces of furniture that later were picked up by other individuals.

In September 2012, Meverden confronted Taboada and Mitzel about the furniture. She and Taboada got into an argument; he struck her with a broomstick and threatened to kill her if she reported them.

Meverden contacted Vo and reported Taboada and Mitzel's activities involving the furniture. After being contacted by Meverden, Vo contacted the Modesto Police Department. On November 17, 2012, officers executed a search warrant at Taboada and Mitzel's residence, as well as at a storage unit the two rented. Officers found approximately $60,000 worth of furniture between the two locations.

2.

On November 20, 2012, Taboada was charged with attempting to prevent a witness from reporting or giving information about a crime, assault with a deadly weapon, and receiving stolen property. Mitzel was charged with theft by embezzlement, receiving stolen property, and possession of controlled substance paraphernalia. Taboada was arraigned on November 30, 2012, and entered a plea of not guilty to all charges.

On December 4, 2012, a change of plea hearing was held. Taboada was present with defense counsel. Taboada indicated he wished to enter a plea of no contest to the charge of receiving stolen property. The factual basis for the plea stated at the change of plea hearing was that between December 1, 2011, and November 17, 2012, Taboada withheld from Vo property that had been stolen; he knew the property had been stolen; and he actually knew of the presence of the property.

At the change of plea hearing, the trial court explained to Taboada the effect of a no contest plea, the maximum punishment and fines that could be imposed pursuant to the plea, and the consequences of the plea. The trial court specifically asked Taboada if he had had sufficient time to discuss with his attorney the consequences of his change of plea, the facts and circumstances of the case, and possible defenses. Taboada responded, "Yes."

The trial court verified that no promises, other than what had been stated in open court, had been made in exchange for the change of plea, that no one had threatened Taboada in order to coerce a change of plea, and that he was entering into the plea agreement freely and voluntarily. The trial court explained to Taboada his rights, including the right to a trial, and then asked Taboada if he was waiving those rights, except for the right to an attorney. Taboada responded affirmatively.

The trial court asked defense counsel if he had had sufficient time to discuss the facts and circumstances of the case, possible defenses, constitutional rights, and consequences of the change of plea with Taboada. Defense counsel responded affirmatively. The trial court then stated to Taboada that it was alleged he had "willfully,

3.

unlawfully and feloniously bought, received, concealed, sold, or withheld property of another, that property had been stolen, and that [he] knew that property had been stolen." Asked how he pled to that allegation, Taboada responded, "No contest."

The trial court found that Taboada understood his rights and knowingly, intelligently, and voluntarily waived those rights and understood the nature of the crime and the consequences of his plea. The trial court found there was a factual basis for the plea and, based upon the no contest plea, found Taboada guilty of the felony offense of receiving stolen property. Taboada waived time for sentencing and a formal probation report.

It was noted at the change of plea hearing that Taboada had two 1975 convictions for violating Penal Code section 243, subdivision (d),[1] battery with infliction of serious bodily injury.

The trial court proceeded to sentence Taboada to a three-year prison term, suspended, placed Taboada on probation, and ordered him to serve 150 days in the county jail, with 18 days credit. The trial court also imposed various fines and fees and issued orders restraining Taboada from contacting Vo or Meverden. Taboada was released on probation but ordered to surrender himself to the county jail on February 5, 2012, to serve his jail time. The remaining charges were dismissed.

On April 9, 2013, Taboada indicated he wished to withdraw his plea. Based upon Taboada's allegations, the trial court interpreted the request as a motion pursuant to *Marsden, supra,* 2 Cal.3d 118, held a *Marsden* hearing, and new counsel was appointed.

At the *Marsden* hearing, Taboada commenced with complaints about the amount of restitution he might owe Vo. The trial court noted the issue of restitution was different from grounds to withdraw a plea. Taboada argued that Vo was "unable to prove title for anything that was taken out of [Taboada's] home" and therefore there was no proof that

---

[1]All further statutory references are to the Penal Code unless otherwise specified.

anything had been stolen. Defense counsel stated that he (counsel) was "likely to be a witness for the prosecution in that regard" so a conflict likely existed. The trial court granted the *Marsden* motion and appointed substitute counsel.

Substitute counsel filed a motion to withdraw the no contest plea. The motion asserted that Taboada's "free will and judgment were overcome by a lack of information." Taboada asserted that he had been "unaware" that Meverden had admitted to "fabrication." In support of the motion was a declaration signed by Mitzel stating that Taboada did not know the furniture had been stolen, and that the allegations made by Meverden about Taboada striking her with a broom "[were] false."

The motion to withdraw the plea also included a declaration from Mitzel's friend, Tamra Reynolds, stating (1) Taboada did not know the furniture had been stolen, (2) some of the furniture allegedly stolen belonged to Taboada and Mitzel, (3) Meverden made false statements to the police about Taboada, and (4) Meverden had told Reynolds that she, Meverden, was "gonna fix that faggot."

Taboada also submitted a declaration in support of the motion to withdraw his plea. He stated that he entered into the plea agreement because of the offer to dismiss the other charges in exchange for a plea to the charge of receiving stolen property, but that at the time he had entered into the agreement he did not know that the other charges were "defensible." Taboada further stated Meverden "admitted fabricating" the allegations against him, and Mitzel would testify that he, Mitzel, was solely responsible for the stolen furniture and Taboada did not know the furniture had been stolen. Taboada declared that if he had "known of the strength of [his] defense case, [he] would have never entered a plea of no contest."

The People filed a written opposition to the motion to withdraw the plea.

On February 7, 2014, Taboada was in court with defense counsel for a hearing on his motion to withdraw his plea. Taboada represented through defense counsel that he

had learned the "complaining witness" had given false information and, had he known this prior to entering his plea, he would instead have gone to trial.

The People opposed the change of plea. The People argued that Taboada had to establish good cause for the withdrawal of the plea, citing cases for the proposition that good cause was established by demonstrating "'the defendant acted under mistake, ignorance, duress, fraud, or inadvertence, overcoming the exercise of free judgment. A post-plea doubt about the wisdom of the plea is not a basis for permitting the defendant to withdraw it.'"

The trial court denied the motion to withdraw the plea, finding that Taboada had failed to establish "by clear and convincing evidence that there was a sufficient mistake to warrant withdrawal of the plea." The trial court set a new surrender date of April 14, 2014, for Taboada to report to the county jail.

On March 12, 2014, Taboada filed a notice of appeal, contending (1) he had received ineffective assistance of counsel; (2) the trial court had erred in granting the *Marsden* motion; and (3) the trial court had failed to use the correct standard in ruling on the motion to withdraw plea. Taboada also sought a certificate of probable cause, even though he claimed the appeal "[did] not directly affect the validity of the plea." The certificate of probable cause was granted.

On May 29, 2014, appellate counsel filed a motion to amend the notice of appeal, asking that the appeal include a challenge to the validity of the plea. By order dated May 30, 2014, this court provided the Attorney General with an opportunity to respond to the motion to amend the notice of appeal. On June 27, 2014, no opposition to the motion having been filed, this court granted Taboada's motion to amend his notice of appeal.

Also on June 27, 2014, appellate counsel sought to augment the record on appeal with the transcript of the *Marsden* hearing. That request was granted on July 2, 2014. Another motion was filed on June 27, 2014, by appellate counsel, this one seeking to

have the reporter's transcript of the *Marsden* hearing "opened for view." This request was granted by order dated July 7, 2014.

On August 19, 2014, appellate counsel filed a *Wende* brief. That same day this court mailed a letter to Taboada, notifying him that he had 30 days in which to augment or supplement the *Wende* brief filed by appellate counsel. No response was received from Taboada.

## DISCUSSION

Taboada claims the trial court erred in granting the *Marsden* motion; the trial court applied an incorrect standard in ruling on the motion to withdraw his plea; and defense counsel rendered ineffective assistance.

At the time he entered his plea of no contest, Taboada stipulated to a factual basis for the plea, affirmatively stated he understood his right to a trial and to present a defense, and that he had had an adequate opportunity to discuss the facts and circumstances of the case, his rights, and the consequences of his plea with defense counsel. Defense counsel also represented that there had been an adequate opportunity to discuss the case and the consequences of the plea with Taboada.

At the *Marsden* hearing, Taboada argued that Vo was "unable to prove title for anything that was taken out of [Taboada's] home" and therefore there was no proof that anything had been stolen. Defense counsel stated that he (counsel) was "likely to be a witness for the prosecution in that regard," so a conflict likely existed. If a defendant and counsel have an irreconcilable conflict, substitute counsel should be appointed. (*Marsden, supra,* 2 Cal.3d at pp. 124-125; *People v. Smith* (1993) 6 Cal.4th 684, 695.) A ruling on a *Marsden* motion is reviewed for abuse of discretion. (*People v. Barnett* (1998) 17 Cal.4th 1044, 1085.) We find no abuse of discretion by the trial court.

There is no merit to Taboada's claim that the trial court applied an incorrect standard in ruling on the motion to withdraw plea. The trial court stated that Taboada had failed to establish "by clear and convincing evidence" good cause to set aside the

7.

plea.  A defendant is permitted to withdraw a plea only upon a showing of good cause by clear and convincing evidence.  (*People v. Weaver* (2004) 118 Cal.App.4th 131, 145-146.)  To establish good cause, a defendant must show by clear and convincing evidence that he accepted the plea as a result of mistake, ignorance, duress, fraud, or any other factor overcoming the exercise of free judgment.  (*People v. Cruz* (1974) 12 Cal.3d 562, 566; *People v. Ravaux* (2006) 142 Cal.App.4th 914, 917.)  The trial court applied the correct standard in ruling on the motion.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.