[Civ. No. 64117. Second Dist., Div. Five. May 10, 1982.]

CALIFORNIA POOLS, INC., Plaintiff, Cross-defendant and Respondent, v.
IRADGE PAZARGAD et al., Defendants, Cross-complainants and Appellants.

602

## COUNSEL

Allenstein, Meyberg & Perry and Ronald S. Hochfield for Defendants, Cross-complainants and Appellants.

Friedman & Warner and Daniel Friedman for Plaintiff, Cross-defendant and Respondent.

## OPINION

**HASTINGS, J.**—This is an appeal from a judgment on a complaint and cross-complaint for breach of contract. The matter is here on transfer from the appellate department of the superior court. (Cal. Rules of Court, rule 62(a).)

The contract in question involved the construction of an outdoor rock spa. According to the settled statement on appeal, respondent called a single witness whose testimony established that the parties entered into a written contract for construction of the spa. The contract price was $12,500, including an initial down payment of $500. There was a written modification of the contract respecting time of completion, which was signed by all parties, and which did not affect the contract price. Appellants made the required down payment, plus an additional payment of $5,500. Respondent's witness testified that respondent satisfactorily completed its obligations under the contract, that the spa was operational, that he saw one of the appellants using it, and that there remained a balance owing on the contract of $6,500.

Appellants testified to various defects and inadequacies of the spa. Evidence was introduced to establish that appellants had paid $187 to an electrician to rewire the electrical hookup for the spa and $600 to another craftsman to repair leaks in the spa. There was additional testimony regarding a continuing problem with the pump priming. An electrician for the Los Angeles County Engineering Department testified that he had "finalled all of the electrical and the entire spa on behalf of the county," and that the spa was built to county code specifications. The trial court awarded respondent damages of $6,500 on its complaint, plus $750 in attorney's fees. The trial court awarded appellants $1,000 on their cross-complaint, based on defects in the spa. No award of attorney's fees was made on the cross-complaint.

Appellants contend that the contract failed to comply with the statutes regulating swimming pool construction contracts (former Civ. Code, § 1725 et seq., currently Bus. & Prof. Code, § 7165 et seq.),[1] and that it therefore was void and unenforceable as a matter of public policy. (Former Civ. Code, § 1735.)[2] The issue is raised for the first time on appeal. ▇ Although respondent contests appellants' right to do so, it is settled that when a pure question of law is raised by undisputed facts, it may be considered for the first time on appeal. (*Hale* v. *Morgan* (1978) 22 Cal.3d 388, 394 [149 Cal.Rptr. 375, 584 P.2d 512]; *Wilson* v. *Lewis* (1980) 106 Cal.App.3d 802, 805 [165 Cal.Rptr. 396].)

▇ Specifically, appellants contend that under former Civil Code section 1730.5, subdivision (b) respondent was limited to requiring a down payment of no more than 1 percent of the contract price which would have been $125.[3] Appellants also contend that the contract was invalid because the modification, though written, was not on a change-order form such as was required by former Civil Code section 1729.[4] No factual dispute exists as to the failure of the contract to comply with the statute in the particulars cited by appellants. A question of law does exist as to the applicability of the statutes regulating swimming pool construction contracts to contracts for the construction of spas.

---

[1] The regulatory statutes governing swimming pool contracts were transferred from Civil Code section 1725 et seq., to Business and Professions Code, section 7165 et seq., by the Legislature in 1979, shortly after execution of the contract here involved.

[2] Current Business and Professions Code section 7172.

[3] Current law permits a maximum down payment of $200 or 2 percent of the contract price, whichever is less. (Bus. & Prof. Code, § 7167, subd. (d).)

[4] Current Business and Professions Code section 7167, subdivision (h).

■ Appellants argue that spas, like swimming pools, are artificially created pools or tanks of water, that spas are frequently built by swimming pool contractors, that the evils which the statute sought to remedy vis-à-vis swimming pool construction exist with respect to spa construction as well, and that this court should effectuate the legislative purpose by interpreting "swimming pool" to cover spas. ■ A far more basic rule of statutory interpretation holds, however, that if the language of a statute is clear and unambiguous, there can be no room for interpretation. Effect must be given to the plain meaning of the words chosen by the Legislature. (*People* v. *Cruz* (1974) 12 Cal.3d 562, 566 [116 Cal. Rptr. 242, 526 P.2d 250]; *Outboard Marine Corp.* v. *Superior Court* (1975) 52 Cal.App.3d 30, 40 [124 Cal.Rptr. 852].)

■ The term "swimming pool" is thoroughly unambiguous. Neither when it first enacted the statute in 1969, nor when it transferred the legislation to the Business and Professions Code in 1979, did the Legislature define the term swimming pool, or assign to it a meaning other than its ordinary meaning, or give any indication that it intended a broader meaning to apply. It is not the role of the court to expand the term's obvious and ordinary meaning. No representation is made that anyone could swim in appellants' spa.

■ The decision as to whether or not to include spas within the regulatory scheme was properly the Legislature's. "The legislature 'is free to recognize degrees of harm and it may confine its restrictions to those classes of cases where the need is deemed to be clearest.' If 'the law presumably hits the evil where it is most felt, it is not to be over-thrown because there are other instances to which it might have been applied.'" (*West Coast Hotel Co.* v. *Parrish* (1937) 300 U.S. 379, 400 [81 L.Ed 703, 713, 57 S.Ct. 578, 108 A.L.R. 1330].) The argument that spas should be included in the statute to further the public policy which the statute seeks to promote should properly be addressed to the Legislature.

Appellants also contend that respondent breached the contract by failing to satisfy Los Angeles County electrical code requirements and by failing to obtain inspection permits. As noted, however, the settled statement of facts indicates that code requirements were satisfied and inspection permits obtained. To the extent that respondent's performance was deficient, appellants were compensated by the judgment on the cross-complaint.

■ Finally, appellants contend that the award of attorney's fees to respondent was inappropriate because they, not respondent, were the prevailing party by virtue of the judgment in their favor on the cross-complaint. Appellants argue that pursuant to former Civil Code section 1732[5] they should have been awarded attorney's fees. Former section 1732, which required an award of attorney's fees to the prevailing party, was part of the swimming pool construction act. ■ ■ Since contracts to construct spas were not covered by the statute, former section 1732 is inapplicable to the instant lawsuit.

The judgment is affirmed.

Stephens, Acting P. J., and Ashby, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 7, 1982. Bird, C. J., was of the opinion that the petition should be granted.

---

[5]Current Business and Professions Code section 7169.