Filed 7/25/22  P. v. Phillips CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW DAVID PHILLIPS,<br><br>       Defendant and Appellant. | A162136<br><br>(Sonoma County<br>Super. Ct. No. SCR-480484) |

Defendant Matthew David Phillips appeals from a postjudgment order denying his petition for a certificate of rehabilitation under Penal Code[1] section 4852.01.  The trial court denied defendant's petition because it concluded he did not meet the statutory requirements for relief under section 4852.01, subdivision (b).

On appeal, defendant argues allowing similarly situated individuals who were sentenced to prison in lieu of probation—and thus eligible for relief under section 4852.01, subdivision (a)—to obtain a certificate of rehabilitation violates equal protection.  He further contends he should qualify for a certificate of rehabilitation under section 4852.01, subdivision (a) because he in fact served a prison sentence that was later vacated.  We disagree and affirm the order.

---

[1] All statutory references are to the Penal Code.

# I.

# BACKGROUND

## A.     *Prior Proceedings*

The following facts were set forth in this court's prior nonpublished opinion, *People v. Superior Court (Phillips)* (Feb. 5, 2010, A124599) (*Phillips I*): Defendant was charged by amended information with committing a lewd act on a child under the age of 14 (John Doe 3) (§ 288, subd. (a); count 1), videotaping a child engaged in sexual activity (John Doe 1) (§ 311.4, subd. (c); count 2), three counts of surreptitiously recording a confidential communication (sexual conduct) without the victim's consent (§ 632, subd. (a); counts 3, 6, & 8), exhibiting a videotape of a child engaged in sexual activity to a child (§ 311.2, subd. (d); count 4), exhibiting a videotape of a child engaged in sexual activity to an adult (§ 311.1, subd. (a); count 5), photographing a child (John Doe 2) engaged in sexual activity for commercial purposes (§ 311.4, subd. (b); count 7), and dissuading a witness (John Doe 2) (§ 136.1, subd. (b)(1); count 9).

On September 26, 2008, the information was further amended to add a charge of child endangerment by infliction of mental suffering (§ 273a, subd. (a); count 10).  Defendant pleaded no contest to counts 3, 4, 6, 7, 8 and 10, which carried a maximum exposure of 12 years in state prison, in exchange for dismissal of the remaining counts.

The trial court sentenced defendant to a total prison term of two years eight months for counts 3, 6, and 8, and the court placed defendant on supervised probation for a period of five years, to commence upon his release from prison on counts 4, 7, and 10.

As relevant to this appeal, the People challenged the grant of probation. In *Phillips I, supra*, A124599, this court agreed the hybrid sentence of

2

probation and imprisonment was unlawful, vacated the sentence on all counts, and remanded the matter to the trial court to resentence defendant.

On remand, the trial court did not impose a prison term and instead placed defendant on three years' probation.

## B.	*Petition for Certificate of Rehabilitation*

Defendant petitioned for dismissal of five of the six felonies under section 1203.4, following the completion of his probation. He acknowledged his conviction under section 311.2 was not eligible for dismissal. The People opposed the request based on the nature of defendant's crimes.

The trial court granted the petition for dismissal as to counts 3, 6, 7, 8, and 10, and agreed count 4 could not be dismissed because it was ineligible for expungement.

Defendant subsequently filed a petition for certificate of rehabilitation and pardon. Defendant asserted he successfully completed probation without any violations, his petition for dismissal was granted, and he has accepted responsibility, demonstrated remorse, and has since exhibited good moral character. The People opposed the request, arguing defendant did not meet the criteria for rehabilitation under section 4852.05[2] and was statutorily precluded from receiving a certificate of rehabilitation on count 4.

The trial court denied the petition for rehabilitation without prejudice. Defendant sought reconsideration, based on supplemental evidence indicating he was no longer a threat to the community. The court again denied the petition, concluding defendant was not eligible for a certificate of

---

[2] Section 4852.05 requires that the individual seeking a certificate of rehabilitation "shall live an honest and upright life, shall conduct himself or herself with sobriety and industry, shall exhibit a good moral character, and shall conform to and obey the laws of the land."

3

rehabilitation under section 4852.01, subdivision (b) because count 4 could not be expunged under section 1203.4. Defendant timely appealed.

## II.

## DISCUSSION

Defendant was denied a certificate of rehabilitation under section 4852.01. On appeal, defendant raises two arguments: (1) section 4852.01 violates the equal protection clause of the California and federal Constitutions; and (2) the court erroneously applied the statute to his situation to deny him relief. We disagree.

Section 4852.01, subdivision (a) provides: "A person convicted of a felony who is committed to a state prison or other institution or agency, including commitment to a county jail . . . may file a petition for a certificate of rehabilitation and pardon pursuant to the provisions of this chapter." Subdivision (b) further states: "A person convicted of a felony or a person who is convicted of a misdemeanor violation of any sex offense specified in Section 290, the accusatory pleading of which has been dismissed pursuant to Section 1203.4, may file a petition for certificate of rehabilitation and pardon" provided the individual has not been subsequently incarcerated and meets certain residency requirements. (§ 4852.01, subd. (b).) Section 4852.01, subdivision (a) provides relief to former prisoners, whereas subdivision (b) provides relief to former probationers. (*People v. Chatman* (2018) 4 Cal.5th 277, 291 (*Chatman*).)

### A.    *Equal Protection*

On appeal, defendant first argues section 4852.01 violates equal protection because he is "similarly situated" to former prisoners who are eligible for relief under section 4852.01, subdivision (a) and there is no rational basis for the differential treatment.

4

We need not address whether defendant, as a former probationer, is similarly situated to former prisoners because the California Supreme Court has concluded a rational basis exists for disparate treatment of those two groups under section 4852.01. In *Chatman*, the California Supreme Court addressed whether section 4852.01 violated the equal protection clause because while former probationers and former prisoners were both eligible for certificates of rehabilitation, former probationers could not receive a certificate if they were subsequently incarcerated whereas former prisoners did not have such a restriction. The court concluded section 4852.01's unequal treatment of those two groups bore a rational relationship to a legitimate state purpose. (*Chatman, supra*, 4 Cal.5th at p. 291.) First, the court noted the process of seeking and obtaining a certificate of rehabilitation "involves the expenditure of significant judicial and executive branch resources." (*Id*. at p. 290.) And "[p]reserving the government's financial integrity and resources is a legitimate state interest." (*Ibid*.)

Second, the court explained former prisoners have a higher need for relief than former probationers because former probationers "have a right to dismissal of their conviction under section 1203.4," which "provides at least some relief from the consequences of conviction." (*Chatman, supra*, 4 Cal.5th at p. 290.) The court also noted certificates of rehabilitation were originally only provided to former prisoners, and "[t]he cost associated with the Legislature's decision to extend the benefit of certificates of rehabilitation to an entirely new group of convicted felons rationally could have driven a decision limiting the expansion of the benefit to only a subset of former probationers." (*Id*. at p. 292.) "The larger number of former probationers creates a higher relative burden on judicial and executive branch resources

5

that the Legislature rationally could have sought to decrease by limiting former probationers' access to certificates of rehabilitation." (*Id.* at p. 293.)

The Supreme Court thus reasoned the Legislature's decision "providing relief to former prisoners. . . . and [a] more restrictive[] scheme to govern former probationers' access to certificates of rehabilitation . . . . is within the permissible bounds of rational basis review." (*Chatman, supra,* 4 Cal.5th at p. 298.)

We find *Chatman* dispositive. When the Legislature extended certificates of rehabilitation to former probationers, it imposed additional limitations: (1) the accusatory pleading must have been dismissed under section 1203.4; (2) the former probationer could not have a subsequent incarceration since dismissal of the accusatory pleading; (3) the former probationer could not be on probation for any other felony; and (4) the former probationer must demonstrate five years' residence in the state. (§ 4852.01, subd. (b).) We see no basis for concluding one of the limits on granting certificates of rehabilitation to former probationers—dismissal under section 1203.4—to violate equal protection, when *Chatman* concluded another limitation—subsequent incarceration—did not violate equal protection. As with the limitation on recidivism, limiting section 4852.01, subdivision (b)'s scope to those former probationers who are eligible to have their convictions dismissed under section 1203.4 is rationally related to "[t]he cost associated with the Legislature's decision to extend the benefit of certificates of rehabilitation to an entirely new group of convicted felons." (*Chatman, supra,* 4 Cal.5th at p. 292.) As noted by the Supreme Court, a "more restrictive[] scheme to govern former probationers' access to certificates of rehabilitation . . . . is within the permissible bounds of rational basis review." (*Id.* at p. 298.)

6

Defendant argues *Chatman*'s holding was based on the presumption that former probationers had a lesser need for certificates of rehabilitation because they could obtain relief under section 1203.4. He asserts that reasoning does not apply here because count 4 is excluded from relief under section 1203.4. While partially true, *Chatman* also focused on the additional expense and burden in extending certificates of rehabilitation to "[t]he larger number of former probationers." (*Chatman*, *supra*, 4 Cal.5th at p. 293.) The Legislature could have rationally determined, in amending section 1203.4, that it did not wish to incur the expense and burden of allowing former probationers who are convicted under section 311.2 to obtain dismissals and certificates of rehabilitation. (See *People v. Galvan* (2008) 168 Cal.App.4th 846, 854 ["We presume that the Legislature, when enacting a statute, is aware of related code sections"]; *Ramirez v. Gilead Sciences, Inc.* (2021) 66 Cal.App.5th 218, 225 [" 'The Legislature is presumed to be aware of all laws in existence when it passes or amends a statute.' "].) In light of *Chatman*, we cannot conclude the Legislature's decision to further restrict relief to former probationers convicted of certain sex crimes is outside the bounds of rational basis review.

Defendant argues this court should follow *Newland v. Board of Governors* (1977) 19 Cal.3d 705 and *People v. Schoop* (2012) 212 Cal.App.4th 457. We disagree. In those cases, courts determined there was no rational basis for requiring individuals convicted of lesser crimes to face greater penalties than those imposed on individuals convicted of more serious crimes. (See *Newland*, at pp. 712–713 [amendment to Ed. Code allowed felony sex offenders to obtain teaching credentials but barred misdemeanor sex offenders from doing so]; *Schoop*, at p. 473 [wobbler crime involving obscene material required 10-year waiting period for obtaining certificate of

7

rehabilitation, whereas similar felony crimes only required a seven-year waiting period].)  Here, however, we are not addressing a statutory scheme that imposes greater punishment for a lesser crime.  Rather, section 4852.01 imposes different relief depending on whether an individual was sentenced to prison or probation.  And the California Supreme Court has determined a rational basis exists for excluding certain former probationers from receiving certificates of rehabilitation that may be granted to former prisoners.

## B.     *Application of Section 4852.01*

Defendant next argues he is eligible for a certificate of rehabilitation under section 4852.01, subdivision (a) because he was committed to state prison.[3]  He asserts while the prison sentence was vacated, "the commitment still occurred" and he is thus eligible for relief under the statute.

As an initial matter, we note defendant's argument is inconsistent with the relief he has obtained to date.  Defendant filed a petition for dismissal under section 1203.4 and, except for count 4 which was statutorily ineligible, obtained a dismissal as to those convictions.  In doing so, defendant successfully argued to the trial court that he was a former probationer entitled to relief under section 1203.4.  And defendant was required to be a former probationer because "relief under section 1203.4 is not available to former prisoners."  (*Chatman*, *supra*, 4 Cal.5th at p. 291.)  When seeking his petition for rehabilitation, defendant again only sought relief as a former probationer, arguing he was entitled to a certificate of rehabilitation because

_____

[3] We note defendant did not raise this argument with the trial court. However, questions of law involving undisputed facts may be raised for the first time on appeal.  (*People v. Kiger* (2022) 76 Cal.App.5th 1147, 1150; *California Pools, Inc. v. Pazargad* (1982) 131 Cal.App.3d 601, 604.)

he had been granted a petition for dismissal under section 1203.4.[4]  As a general rule, a party is not permitted to change its position on appeal and raise new issues not presented in the trial court.  (*B & P Development Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 959.)  At no point did defendant question his designation as a former probationer or assert he may be entitled to relief under section 4852.01, subdivision (a).  And, having obtained relief only available to former probationers—the validity of which is not before this court—defendant cannot now seek relief exclusively available to former prisoners.

Moreover, defendant's initial sentence only imposed a prison term for counts 3, 6, and 8.  Defendant was never committed to prison for his conviction on count 4, which forms the basis for his ineligibility to obtain a certificate of rehabilitation.  Accordingly, the question is whether being committed to prison on one felony conviction can satisfy section 4852.01, subdivision (a) as to a separate felony conviction.[5]

" ' " 'As in any case involving statutory interpretation, our fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose.  [Citation.]  We begin by examining the statute's words, giving them a plain and commonsense meaning.' " '  [Citation.]  '[W]e consider the language of the entire scheme and related statutes, harmonizing the terms when possible.' "  (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141; *People v.*

---

[4] Similarly, his reply brief filed below only argued "it is more than absurd to suggest that had [defendant] been sent to prison for this offense [(count 4)] that he would be eligible, and that because he was granted probation . . . , he is not."

[5] We do not opine on whether an initial sentence, which was subsequently vacated, could allow an individual to argue he or she qualifies as a former prisoner for purposes of section 4852.01, subdivision (a).

*Valencia* (2017) 3 Cal.5th 347, 357 [" '[t]he words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible' "].)  If the language of the statute is clear and unambiguous, there is no need for judicial construction and our task is at an end.  If the language is reasonably susceptible of more than one meaning, however, we may examine extrinsic aids such as the apparent purpose of the statute, the legislative history, the canons of statutory construction, and public policy.  (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838; *People v. Arias* (2008) 45 Cal.4th 169, 177.)

Here, section 4852.01, subdivision (a) states in relevant part:  "A person convicted of a felony who is committed to a state prison . . . may file a petition for a certificate of rehabilitation and pardon pursuant to the provisions of this chapter."  While we are unaware of any authority addressing this issue, the commonsense interpretation of subdivision (a) is that the prison commitment relates to the specific felony conviction.  Related statutory provisions in this chapter support this interpretation, as they focus on the specific crime or conviction at issue.  (See, e.g., § 4852.1, subd. (a) ["The court . . . may require . . . the production . . . of all records and reports relating to the petitioner and the crime of which he or she was convicted"]; § 4852.13, subd. (c) [district attorney in "county where the conviction was obtained" can petition to rescind certificate].)  Accordingly, we conclude defendant could not qualify for relief under section 4852.01, subdivision (a) because he was never committed to prison on count 4.

### III.

### DISPOSITION

The order denying defendant's petition for a certificate of rehabilitation is affirmed.


MARGULIES, J.


WE CONCUR:


HUMES, P. J.


WISS, J.*


A162136
*People v. Phillips*

---

&ast; Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.