Filed 1/10/24  P. v. Waters CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C096851 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF21-0000453) |
| v. | |
| JOHNTA LEXUS WATERS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Johnta Lexus Waters has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Waters filed a supplemental brief raising two issues.  First, he argues he is factually innocent of the charges and entitled to a jury trial.  Second, he argues the trial court wrongfully denied his *Marsden*[1] motions.  We disagree.  Finding no arguable error that would result in a disposition more favorable to Waters, we will affirm the judgment.

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118.

1

FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of four separate incidents. In the first, A.R. reported his SUV stolen. Officers found the stolen SUV in the parking lot of a hotel a few days later. The hotel clerk saw Waters sitting in the driver's seat, but Waters got out of the car before the officers responded to the scene. When the officers arrived, Waters approached them and said his brother allowed him to borrow the car. A.R. identified Waters as the person he let test drive the car the day before.

In the second incident, a police officer responded to a report Waters locked himself in the laundry room of an apartment complex. The witness at the apartment saw Waters enter the laundry room. When the witness tried to open the door, Waters shut the door, locked it, and said he wanted to charge his phone. When they searched him, officers found Waters had a glass pipe for smoking methamphetamine. In the third incident, officers responded to a call that Waters and another man were in the laundry room of a different apartment complex. This time officers found Waters had metal knuckles and 0.32 grams of methamphetamine.

In the final incident, officers responded to another complaint that Waters entered another laundry room area of an apartment. This victim reported she was frightened by Waters's presence. When the officers instructed Waters to leave the laundry room, he did so, and the officers detained him without incident. Waters told the officers he entered the laundry room to charge his cell phone.

The information charged Waters with two counts of first degree burglary and enhancements that a person, other than an accomplice, was present in the residence during the burglary. (Pen. Code,[2] §§ 459, 667.5, subd. (c)(21).) It also charged Waters with possession of controlled substance paraphernalia (Health & Saf. Code, § 11364, subd. (a)), possession of a controlled substance (Health and Saf. Code, § 11377,

_____

[2] Undesignated statutory references are to the Penal Code.

2

subd. (a)), possession of metal knuckles (§ 21810), and receiving stolen property (§ 496d, subd. (a)).

Waters executed a plea agreement to plead no contest to the burglaries, possession of the stolen vehicle, and to admit one of the enhancements. The maximum potential sentence under that plea was eight years in prison. In exchange for his plea, the plea agreement required the trial court to grant Waters probation and credit him with time served. Waters initialed the portions of the agreement that said he understood he had the right to a jury trial, the right to confront and cross-examine witnesses, the right to remain silent, the right to present evidence, the right to compel witnesses to come to trial, and the right to testify. Waters waived and gave up each of those rights.

In open court, the trial court explained the plea to Waters and Waters said he understood its terms. Waters told the court he read the plea form and went over it with his attorney. He also said he understood the rights he was giving up and the consequences of his plea. Waters stated no one promised him anything or threatened him to get him to enter the agreement and that he was not under the influence. Waters also stated he had sufficient time to speak with his attorney and he had no questions.

The trial court took the factual basis for the crimes from counsel pursuant to *People v. West* (1970) 3 Cal.3d 595.

Waters pled no contest to the two burglaries (§ 459), admitted one of the enhancements (§ 667.5, subd. (c)(21)) and pled no contest to receiving stolen property (§ 496d, subd. (a)). The trial court accepted the pleas and found Waters made them knowingly, intelligently, and voluntarily, and dismissed the remaining counts and enhancements subject to a *Harvey*[3] waiver. The court released Waters on his own recognizance. Waters failed to report to probation as required or to appear at his

---

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

3

sentencing hearing scheduled for September 13, 2021. He was subsequently arrested and confined in the Sutter County jail pending his sentencing.

A series of eight hearings ensued between April 11, 2022 and the July 1, 2022 sentencing of Waters. At the first hearing, the trial court told Waters that the court was not certain if it would still accept the plea given his failure to appear at sentencing and it wanted to continue the hearing so that the prosecutor who negotiated the plea agreement could be present. For the first time, but not the last, Waters asserted he did not understand the charges to which he pled. The court explained to Waters if he insisted going forward that day the court was inclined to reject the plea agreement, but it preferred to continue the matter a week. When Waters asked if he might be able to go to trial, the court responded, "maybe" and the parties agreed to a continuance.

At the next hearing, Waters was represented by a different public defender than the one who had previously represented him. That attorney asked the trial court to continue the matter for another week because Waters made comments that suggested there may be issues with his plea. Counsel believed the attorney who was present at the plea should be the one to represent him on his questions. Waters agreed, and the trial court continued the matter again.

In the hearings that followed, Waters repeatedly and incorrectly asserted the judge at the first hearing promised to allow him to withdraw his plea and go to trial. He also asserted he wanted to withdraw his plea and go to trial because he "forgot what [he] plead to."

At the April 20, 2022 hearing, counsel asked for a continuance to see if a colorable claim could be made to request the withdrawal of Waters's plea. Counsel reported back she was unable to discover any ground and furthermore she was unsure Waters's claim that he did not remember anything at the plea hearing was an accurate statement.

At the April 20 and April 29, 2022 hearings, Waters sought to replace his appointed counsel pursuant to *People v. Marsden*, *supra*, 2 Cal.3d 118. The trial court

4

held in camera hearings on both requests and denied them. We will address the pertinent facts of those hearings below.

During a later hearing in May, counsel declared a doubt as to Waters's mental competency pursuant to section 1368. The trial court suspended the criminal proceedings and appointed a psychologist to assess Waters's competency to stand trial. Following receipt of the competency evaluation report a little more than a month later, the court found Waters competent to stand trial and reinstated the proceedings.

On July 1, 2022, the trial court dismissed the receiving stolen property count, suspended imposition of sentence, and granted Waters probation as provided for in the plea agreement. The trial court imposed a $300 restitution fine (§ 1202.4), imposed and suspended an equal probation revocation fine (§ 1202.44), reserved jurisdiction over restitution, and imposed court operations fees of $80 (§ 1465.8), and conviction assessment fees of $60 (Gov. Code, § 70373). The trial court credited Waters with 205 days of actual custody credit and 204 days of local conduct credit for a total of 409 days of presentence custody credit. Waters filed a notice of appeal with this court in August 2022. His *Wende* brief was filed in September 2023, and this case was fully briefed on December 12, 2023.

## DISCUSSION

Appointed counsel for Waters has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Waters was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Waters filed an untimely supplemental brief which we have accepted.

A.    *Withdrawal of Plea*

In his supplemental brief, Waters raises arguments that he is factually innocent of the charges and entitled to a jury trial. Given that Waters pled no contest pursuant to the

5

plea agreement, we must determine whether Waters was entitled to withdraw his plea and proceed to a trial. The record does not support Waters's claim.

A trial court may allow a defendant to withdraw a guilty plea upon his or her showing of good cause based on clear and convincing evidence. (§ 1018; *People v. Cruz* (1974) 12 Cal.3d 562, 566.) For present purposes, a plea of no contest is considered the same as a plea of guilty. (§ 1016.) A defendant must establish that his free will was overcome, not merely that he had a change of heart. (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.) " 'Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea' under section 1018 [citation], and section 1018 states that its provisions 'shall be liberally construed . . . to promote justice.' A defendant seeking to withdraw a guilty plea on grounds of mistake or ignorance must present clear and convincing evidence in support of the claim. [Citation.] A trial court's decision whether to permit a defendant to withdraw a guilty plea under section 1018 is reviewed for abuse of discretion." (*People v. Patterson* (2017) 2 Cal.5th 885, 894.)

Here, Waters's first claim is he "forgot what [he] plead to." He also repeatedly claimed he had an agreement with the first sentencing judge to withdraw his plea and go to trial. The record supports neither argument. Waters initialed and signed a change of plea form indicating he understood the consequences of his plea, he had sufficient time to discuss the consequences of the change of plea with his attorney, and he verbally affirmed he understood the terms of the plea agreement, the rights he was giving up, and the consequences of his plea when asked by the trial court. In open court, Waters stated he was neither cajoled nor threatened into agreeing to the negotiated resolution. Waters also said he had plenty of time to talk to his attorney and had no questions. Based on these facts, the trial court found Waters's plea was knowingly, intelligently, and voluntarily made. Further, when the issue of withdrawing the plea arose, Waters's own

6

counsel stated on the record she found no basis to submit a request to withdraw his plea and suggested her client's claim he remembered nothing was not accurate information.

In response to Waters's second point, the transcript of the hearing on April 20, 2022, does not show the trial judge agreed to allow Waters to withdraw his plea. Nor is there any agreement to that effect reflected anywhere else in the record. Accordingly, there is no clear and convincing evidence in the record that Waters should be allowed to withdraw his plea.

B.      *Marsden Motions*

Waters's supplemental brief argues his attorney took "disadvantage" of him, was working against him, was not willing to fight for him, and had a conflict of interest. These claims bring into focus the trial court's denial of his two *Marsden* motions which we conclude were not an abuse of discretion.

1.      *Additional Facts*

At the April 20, 2022 *Marsden* hearing, Waters told the court that his attorney was not doing anything to get his case dropped. He also expressed concern his attorney was talking to his sister-in-law and mother without his permission. Counsel represented to the trial court that Waters's family came to her with a concern that Waters should get into a drug program and maybe they could hire him an attorney. Counsel stated she shared only information that was publicly available. When Waters told her he did not want her to talk with these people anymore, she told him she would not. The trial court denied this *Marsden* motion.

During the second *Marsden* hearing, Waters told the trial court he was concerned that his attorney did not tell him what his mother and sister-in-law said to her during the conversations he had previously mentioned. Once again, counsel recited on the record she met with his family and shared only generally public information about the case. She explained those conversations to Waters and that was the extent of her conversation with him. She represented she has honored Waters's request that she not speak to them

7

further. Additionally, counsel did not believe Waters would have more effective communication with a different attorney. The trial court again denied the motion stating it did not believe appointing another lawyer would be productive.

### 2. *Legal Framework*

"*Marsden* established a defendant's right to raise the issue of ineffective assistance of counsel by means of a motion to discharge his or her attorney and appoint a new one. ' " 'When a defendant seeks to discharge his appointed counsel and substitute another attorney, and asserts inadequate representation, the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of the attorney's inadequate performance. [Citation.] A defendant is entitled to relief if the record clearly shows that the first appointed attorney is not providing adequate representation [citation] or that defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result.' " ' " (*People v. Whitmore* (2022) 80 Cal.App.5th 116, 128.)

"We review the court's decision declining to relieve appointed counsel under the deferential abuse of discretion standard." (*People v. Whitmore, supra*, 80 Cal.App.5th at p. 128.) " 'Denial is not an abuse of discretion "unless the defendant has shown that failure to replace counsel would substantially impair the defendant's right to assistance of counsel." ' " (*People v. Ng* (2022) 13 Cal.5th 448, 500.)

### 3. *Application*

Here, the trial court allowed Waters to fully state his complaints in two separate hearings, inquired into them, and asked counsel to respond. Waters's stated reasons demonstrated neither constitutionally inadequate assistance of counsel nor a fundamental breakdown of the relationship between Waters and counsel. (*People v. Webster* (1991) 54 Cal.3d 411, 435-436.) The record disclosed counsel discussed only publicly available facts with Waters's family members and stopped speaking with them when Waters asked

her to stop.  We conclude the trial court's denial of his motion to remove his attorney was not an abuse of discretion.

C.     *Wende Review*

We have undertaken an examination of the remainder of the record and find no arguable error that would result in a disposition more favorable to Waters.

DISPOSITION

The judgment is affirmed.

_____/s/_____
BOULWARE EURIE, J.

We concur:

_____/s/_____
EARL, P. J.

_____/s/_____
ROBIE, J.